# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1049

_____

|  |  |  |
|---|---|---|
| Jesus Carmona, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Dick Ross; John Sausen; David Ten | * | District of Minnesota. |
| Eyck; David Hermerding; Jennifer | * | |
| Cummings; Tim Friis; Jesse Ventura; | * | |
| Mike Hatch; Don Inwards; Marshall | * | [PUBLISHED] |
| Prescott; Rod McCulley; Harvey Doe; | * | |
| Pete Doe; Crow Wing County; City | * | |
| of Brainerd; Denny Peterson, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 6, 2004
Filed: July 22, 2004

_____

Before WOLLMAN, BOWMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Louisiana inmate Jesus Carmona appeals the district court's order dismissing unserved defendants, dismissing his second amended complaint, and denying his motion to compel discovery in his 42 U.S.C. § 1983 action, following a remand by this court to address those issues. We affirm the dismissal of unserved defendants

who previously were named in the first amended complaint, but we modify the dismissal to be without prejudice; we reverse the dismissal of the second amended complaint as to the newly added defendants, and we remand to allow Carmona time to serve those defendants.

Because the district court's order on remand dismisses the second amended complaint, we conclude that it implicitly granted Carmona's request to file the second amended complaint. The court did not deny Carmona leave to file the second amended complaint. In addressing the second amended complaint, the district court incorporated by reference its prior resolution of the claims against Ross, and it clarified that it was dismissing all unserved defendants for lack of service. We find that the district court did not abuse its discretion in dismissing those unserved defendants who previously were named in the first amended complaint. See Bullock v. United States, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (standard of review). With respect to those defendants, the court gave Carmona an extension to file completed summons forms and warned him that his failure to do so would result in dismissal, and yet Carmona did not request additional summons forms until more than five months after the extended deadline. See Fed. R. Civ. P. 4(m) (if service of summons and complaint is not made within 120 days of filing complaint, court, upon motion or its own initiative and after notice to plaintiff, shall dismiss action without prejudice as to that defendant, or direct that service be effected within specified time); Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (if plaintiff fails to serve party and does not show good cause for failing to do so, court shall dismiss action).

We find, however, that the district court erred in dismissing all of the defendants named in the second amended complaint for lack of service, as Carmona should have been given an additional 120 days to serve those defendants who were added by the second amended complaint. See City of Merced v. Fields, 997 F. Supp.

1326, 1337-39 (E.D. Cal. 1998); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 377 (2002).

Accordingly, we affirm the dismissal of defendants City of Brainerd, Crow Wing County, Rod McCulley, Marshall Prescott, Denny Peterson, David Hermerding, and Jennifer Cummings, but we modify the dismissal to be without prejudice. See Fed. R. Civ. P. 4(m) (court shall dismiss action without prejudice). We reverse as to the claims against defendants John Sausen, Judge David Ten Eyck, Tim Friis, Jesse Ventura, Mike Hatch, Harvey Doe, Don Inwards, and Pete Doe, and remand for the district court to allow Carmona time to serve those defendants.

_____