# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3381

_____

Jimmy Shane Cantrell,               *
                                    *

         Appellant,            *
                                    *    Appeal from the United States

      v.                         *    District Court for the
                                    *    Eastern District of Arkansas.

M. D. Reed, Warden, Cummins Unit,    *
ADC; Larry Norris, Director, Arkansas   *      [UNPUBLISHED]
Department of Correction; Kim           *
Luckett, Assistant Warden, Cummins    *
Unit, ADC; Crystal Woods,            *
Classification Officer, Cummins Unit,    *
ADC; Davis, Captain, Cummins Unit,    *
ADC; John Does, Officer, Cummins     *
Unit, ADC,                          *
                                    *

         Appellees.           *

_____

Submitted: December 5, 2007
Filed: December 7, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jimmy Shane Cantrell appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We dismiss the appeal as premature.

Cantrell's complaint alleged that defendants failed to protect him from an inmate attack, placed him at risk for another attack, and failed to adopt adequate prison policy and to adequately train staff regarding the housing of protective custody and violent inmates. His claims arose out of an attack that ensued after inmate Richard Dolan was placed in the same cell with Cantrell. The district court granted summary judgment to the four served defendants--Larry Norris, M.D. Reed, Kim Luckett, and Crystal Woods--concluding that Cantrell did not show they personally knew of his cell assignment or expected the attack. The court's order, however, did not address or dispose of Cantrell's claim that defendant Officer Doe personally placed Dolan in Cantrell's cell.

Although Cantrell's complaint had not identified Officer Doe by name, his complaint allegations were specific enough to allow Doe to be identified through discovery. See Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (action may proceed against party whose name is unknown if complaint makes allegations specific enough to permit identity of party to be ascertained after reasonable discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (dismissal is proper only when it appears true identity of defendant cannot be learned through discovery or court's intervention). Moreover, at the time the district court purported to dismiss the complaint, Cantrell had pending a motion to substitute Sergeant Oates for Officer Doe, and also to substitute J.M. Davis for defendant "Captain Davis." The district court never addressed Cantrell's motion.

We further note that the district court's order did not specifically address Cantrell's claim that the remaining defendants were liable because they failed to establish policies or train staff in a way that would have prevented Dolan, a punitive status inmate, from being placed in the same cell with Cantrell, a protective custody inmate. See Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (prison supervisor's liability arises if failure to train or to properly supervise offending employee caused deprivation of constitutional rights and supervisor had notice that training procedures

and supervision were inadequate and likely to result in constitutional violation); <u>cf.</u> <u>Monell v. Dept. of Soc. Servs. of New York</u>, 436 U.S. 658, 694-95 (1978) (local government may be held liable for injury inflicted by its employees if injury resulted from execution of policy).

Accordingly, we conclude that there is no final appealable order, and we dismiss the appeal for lack of jurisdiction. <u>See</u> 28 U.S.C. § 1291 (courts of appeals shall have jurisdiction over appeals from all final decisions of district courts); Fed. R. Civ. P. 54(b) ("any order or other form of decision, however designated," that disposes of fewer than all claims or all parties does not terminate action as to any claim or party); <u>Thomas v. Basham</u>, 931 F.2d 521, 522-23 (8th Cir. 1991) (federal court will raise jurisdictional issues sua sponte when it appears jurisdiction is lacking). On remand, the district court should (1) address Cantrell's motion to amend his complaint to substitute Sergeant Oates for Doe and J.M. Davis for Captain Davis, and if the motion is granted, give Cantrell 120 days to serve these defendants, <u>see</u> Fed. R. Civ. P. 4(m) (allowing 120 days for service on defendants); <u>cf.</u> <u>Carmona v. Ross</u>, 376 F.3d 829, 830 (8th Cir. 2004) (reversing and remanding dismissal under Rule 4(m), because district court did not allow plaintiff 120 days from date of amended complaint to serve newly added defendants); and (2) address the inadequate-policy and failure-to-train claims. We deny Cantrell's motion on appeal.

_____