**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4472
_____

GAIL FELICETTY-STAMM,
                              Appellant

v.

SECRETARY DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-07224)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2014

Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: February 12, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Gail Felicetty-Stamm appeals the District Court's order

dismissing her complaint due to her failure to make timely service under Rule 4(m) of the

Federal Rules of Civil Procedure.  For the reasons set forth below, we will affirm.

Felicetty-Stamm initiated this case on December 9, 2011, by filing a complaint in the District Court alleging that Janet Napolitano, then the United States Secretary of Homeland Security, had violated her rights under Title VII of the Civil Rights Act. The complaint was exceedingly terse, stating only that Felicetty-Stamm wished to challenge Secretary Napolitano's "denial of medical treatment, resolution of removal proposal."

Under Fed. R. Civ. P. 4(m), Felicetty-Stamm was required to serve Secretary Napolitano within 120 days of filing the complaint — that is, on or before April 9, 2012. Felicetty-Stamm did not complete service by that deadline. On July 31, 2012, the magistrate judge (then-Magistrate Judge Shwartz) sent a case-opening letter to Felicetty-Stamm that specifically informed her about the service requirements. Nevertheless, Felicetty-Stamm still did not attempt to serve Secretary Napolitano.

On August 9, 2012, the District Court issued a notice of call for dismissal pursuant to Rule 4(m), informing Felicetty-Stamm that her case would be dismissed on September 4, 2012, for failure to effect timely service unless Felicetty-Stamm showed that she had served Secretary Napolitano or established good cause for her failure to do so. On September 4, Felicetty-Stamm attended a hearing before the District Court and, despite her apparent failure to take any steps to make service, the Court granted her an additional 30 days — or, until October 4, 2012 — to complete service. That new deadline also expired without Felicetty-Stamm's filing proof of service in the District Court.

On October 24, 2012, the District Court again issued a notice of call for dismissal pursuant to Rule 4(m), this time scheduling the hearing for (and thus setting a deadline of) November 19, 2012 at 10:00 a.m. By that time, Felicetty-Stamm had not filed any document responsive to the District Court's notice. However, at 3:09 that afternoon, Felicetty-Stamm filed an affidavit from a process server stating that he had served an employee in Secretary Napolitano's office on October 2, 2012. That same day, the District Court dismissed the case without prejudice under Rule 4(m).

Felicetty-Stamm then filed a timely notice of appeal to this Court. We construed a document attached to the notice of appeal as a timely motion for reconsideration under Rule 4(a)(4) of the Federal Rules of Appellate Procedure and remanded the case to the District Court for consideration of that motion. After a hearing, the District Court denied the motion for reconsideration. The Court noted that while Felicetty-Stamm had filed a certificate stating that the complaint had been served upon Secretary Napolitano's office, she provided no evidence that she had also served the United States attorney or the Attorney General, as she was required to do under Fed. R. Civ. P. 4(i)(1), (2).

Because Felicetty-Stamm has elected to stand on her original complaint and the service that she made, we have jurisdiction over the District Court's November 19, 2012 order dismissing her complaint under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). However, because Felicetty-Stamm did not file a new or amended notice of appeal as to the District Court's order denying her motion for

3

reconsideration, we lack jurisdiction to review it. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

We review the District Court's order dismissing the case for failure to complete timely service for abuse of discretion. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995). Under Rule 4(m), the District Court must first determine whether good cause exists for failure to serve. Id. at 1305. If good cause exists, the District Court must extend the time for service; if it does not, the District Court has discretion either to dismiss the complaint without prejudice or to extend the time for service. Id.

The District Court did not abuse its discretion here. As the Court correctly recognized, although Felicetty-Stamm eventually served Secretary Napolitano's office, because she was suing Secretary Napolitano in her official capacity, see Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996), she was also required to serve the United States attorney for the District of New Jersey and the Attorney General of the United States, see Fed. R. Civ. P. 4(i)(1), (2). By her own admission, she did not do so, and thus did not complete proper service. See Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010).

Moreover, we discern no error in the District Court's refusal to grant Felicetty-Stamm another extension under Rule 4(m). Her apparent failure to read or understand Rule 4 does not provide good cause for her lack of service. See Tuke v. United States, 76

4

F.3d 155, 156 (7th Cir. 1996).  Likewise, while the District Court was empowered to extend the time even without a showing of good cause, it had previously granted Felicetty-Stamm a 30-day extension on that basis, and, in essence, then provided an additional 45-day extension when, rather than enforcing the (extended) October 4 deadline, it did not call the case for dismissal until November 19.  Even after those extensions, Felicetty-Stamm did not comply with Rule 4, and the District Court acted within its discretion in refusing to provide further extensions.  See Carmona v. Ross, 376 F.3d 829, 830 (8th Cir. 2004) (per curiam); see generally Powell v. Symons, 680 F.3d 301, 310 n.8 (3d Cir. 2012).

Accordingly, we will affirm the District Court's judgment.