STOREY, ADMINISTRATOR *v.* SMITH, JUDGE.

5-534                                               272 S. W. 2d 74

Opinion delivered November 1, 1954.

*Mehaffy, Smith & Williams,* for petitioner.

*Williamson & Williamson,* for respondent.

GRIFFIN SMITH, Chief Justice. The petition for prohibition—under an allegation that the court is without jurisdiction of the person against or in favor of whom a judgment might be rendered in that person's official capacity—presents a single question: Where summons is directed to *personal representative,* but not placed in the hands of the sheriff or any other officer before a personal representative is appointed, does service on an administrator who is subsequently designated, and whose name does not appear in the summons, invest the trial court with jurisdiction in a local action for personal injury or death?

Residents of Desha county upon the one hand and of Pulaski county upon the other were involved in an automobile collision in Jefferson county. The suit actuating this proceeding was brought in Desha circuit court by persons who named as defendants certain individuals and ". . . the personal representative of the estate of Billy R. Storey, deceased." The summons and complaint are dated February 27, 1954. The collision occurred eight days earlier.

On March 25th Pulaski probate court found that Dewey Howell, Sr., and other petitioners, were creditors of Billy R. Storey. Upon execution of bond for $2,000 J. Roy Howard was appointed administrator, ". . . to take possession of the [decedent's property] as authorized by law." Concurrent with Howard's appointment, or shortly thereafter on the same day, the summons of February 27th directed to "personal representative" was placed in the sheriff's hands and served. On March 24th another summons was issued in Desha county directed to the sheriff of Pulaski county for service on *personal representative* of the Storey estate. In an amendment to the defendants' motion to quash the service of summons issued February 27th reference to the second summons is eliminated.

Howard was discharged as administrator by an order of Pulaski probate court entered March 30. Paragraph 8 of an agreed statement is that on March 25th a

complaint was filed in Pulaski circuit court by Coy Storey as *alleged* administrator of the estate of Billy Ray Storey, but no process was issued in support of this action until March 30, "on which date said Coy Storey was appointed as general administrator . . . in succession to J. Roy Howard."

Other procedural matters in the Desha probate and circuit courts, and in Pulaski circuit court, are not pertinent to a determination of the issue raised in the petition for prohibition, which seeks to avoid an order of Desha circuit court denying the motion to quash the service had on Howard following his appointment as administrator.

The form and contents of a summons are set out in Ark. Stat's, § 27-306. The process shall be directed to the sheriff of the county, "and command him to summon the defendant or defendants named therein." An action is commenced when a complaint is filed and process is issued. *Barker* v. *Cunningham,* 104 Ark. 627, 150 S. W. 153. Both acts—the filing of a complaint and issuance of a summons—are essential. *American Railway Express Co.* v. *Reeves,* 173 Ark. 273, 292 S. W. 109. A further condition is that when the summons is issued it must be delivered to an officer with directions that it be served. *Peace* v. *Tippett,* 195 Ark. 799, 114 S. W. 2d 461. No doubt, in the absence of words or conduct indicating a contrary intent, a summons placed in the hands of an officer would carry the implication that service was desired, since it is the officer's duty to obey the command contained in the writ. Cf. *Matthews* v. *Warfield,* 201 Ark. 296, 144 S. W. 2d 22. The importance of an intention that the summons be served is emphasized in *Goodyear Tire & Rubber Co.* v. *Meyer,* 209 Ark. 383, 191 S. W. 2d 826.

We have no Arkansas case bearing upon the effect of a summons issued for service upon a non-existent defendant. On February 27th J. Roy Howard as administrator did not exist. Can it be said, then, that a suit was commenced when the complaint was filed and summons

was directed to some one who might come into administrative existence at a later period? To answer the question affirmatively would make it possible for anyone involved in or affected by a transaction such as the complaints deal with to begin an action in his or her selected venue county at a time when the legal entity upon whom service is required is not known to the plaintiff or the appointive authority.

The subject is discussed in *Goodkind* v. *Bartlett,* 153 Ill. 419, 38 N. E. 1045, where it was said: "The bill and summons named 'John N. Hummer and————————Hummer, his wife,' parties defendant. We held that this designation would not make Rachel B. Hummer, the wife of John N. Hummer, a party to the suit, [for] in the absence of any statute permitting it, persons natural or artificial cannot be made parties litigant by mere *descriptio personae,* but must be designated by name, both in the process and in the judgment." See *Ohio Millers Mutual Ins. Co. et al.* v. *The Inter-Insurance Exchange of the Illinois Automobile Club,* 367 Ill. 44, 10 N. E. 2d 393.

A somewhat analogous principle is reflected in *Camden National Bank* v. *Donaghey,* 145 Ark. 529, 237 S. W. 457, where the single headnote summarizes Chief Justice McCulloch's opinion in this way: "Where there were several plaintiffs in the suit below, and only one is named in the prayer for appeal, thus, 'Come the appellants, Camden National Bank et al., and pray an appeal,' etc., the prayer was insufficient to include any of the plaintiffs except the one named." See *Wasson* v. *Lillard,* 189 Ark. 546, 74 S. W. 2d 637.

Respondent thinks that authority of a trial court to permit amendment of *pleadings or proceedings* by correcting a mistake in the name of a party, "or a mistake in any other respect (Ark. Stat's, § 27-1160) is broad enough to reach the vice here urged by petitioner. It is also argued that when the personal representative was appointed his status related back to the suit's commencement, hence "personal representative" as written into the summons was, when Howard attained that position,

synonymous with J. Roy Howard, administrator. This reasoning does not meet the law's requirement that there be a *named* defendant. The situation is different when title to the assets of an estate are involved and conversion of assets must be prevented during the interim between death and appointment.

Each brief cites cases where summonses were directed to unknown persons or artificial persons, or where for some other reason the writ was attacked as vague. We accept as valid the argument made by respondents that statutes prescribing modes of service should be liberally construed. But in the case at bar no legal proceeding actually existed; nor can it exist until the identity of the defendant is known or comes into being.

Many of respondent's cited cases deal with situations where a person is known by an alias, a nickname, or some other variant, and it has been shown by evidence that the summons was actually directed to the identical party, though the name to some extent may have been erroneous. In those cases the defendant was in existence and the identity could be established. Here we are dealing with a jurisdictional defect quite beyond the court's power to correct. It follows that because Howard could not be reached by the summons in the form it was issued, *when* issued, and since he no longer serves as administrator, the writ of prohibition is appropriate, and it is granted.

Prohibition, however, extends only to jurisdiction of the person under the summons directed to *personal representative* and served on Howard.