Cite as 2013 Ark. App. 483

# ARKANSAS COURT OF APPEALS

DIVISIONS IV & I
No. CV–13–19

| | |
|---|---|
| MARY BERRYHILL<br>　　　　　　　　APPELLANT<br><br>V.<br><br><br>FRANCES SYNATZSKE and BRYAN<br>HUFFMAN, AS SPECIAL<br>ADMINISTRATOR OF THE ESTATE<br>OF FRANCES SYNATZSKE<br>　　　　　　　　APPELLEES | **Opinion Delivered** September 11, 2013<br><br>APPEAL FROM THE HOT SPRING<br>COUNTY CIRCUIT COURT<br>[NO. 30CV-11-219-1]<br><br>HONORABLE CHRIS E WILLIAMS,<br>JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Mary Berryhill appeals from a Hot Spring County Circuit Court order finding that the statute of limitations had expired on her personal injury claim and granting summary judgment in favor of appellee Bryan Huffman, as Special Administrator of the Estate of Frances Synatzske. We affirm.

On November 12, 2008, Berryhill was injured in a motor vehicle accident allegedly caused by Frances Synatzske. The three-year statute of limitations applying to this personal injury claim would expire, without any periods of tolling, on November 11, 2011. Approximately two months prior to the expiration of the statute of limitations, Berryhill filed suit against Syntazske and numerous John Doe defendants, requesting damages arising out of the accident.[1] One of the John Doe defendants named in the complaint was designated

---

[1]The complaint was filed on September 21, 2011.

to represent "the Estate of any Defendant who predecease[s] the service of the Complaint." On October 6, 2011, an answer was filed, which stated that Synatzske had died and that an estate should be opened and served. The answer also asserted that the complaint should be dismissed based upon the insufficiency of process and insufficiency of service of process.

On November 14, 2011, three days after the expiration of the statute of limitations, a petition was filed requesting the appointment of Bryan Huffman as special administrator of the Estate of Frances Synatzske. The order granting the appointment was filed eight days later.

On December 21, 2011, Berryhill filed a motion to extend time to perfect service, stating that the complaint had not yet been amended to substitute the Estate for the John Doe defendant. The motion further stated that attempts to serve the complaint and summons on the Estate were ongoing and requested an additional 120 days to effectuate service. The motion asserted that defense counsel had no objection to the extension. The trial court granted the motion on December 22, 2011, and extended the date of service until May 16, 2012.

An amended complaint naming the Estate as a party was filed on April 3, 2012. The Estate answered, alleging the affirmative defenses of the statute of limitations, insufficiency of process, and insufficiency of service of process.

On July 5, 2012, counsel for Synatzske and the Estate filed a motion for summary judgment, arguing that, because Synatzske had died prior to the filing of the original complaint, the original complaint was a nullity and could not be transformed into a valid suit

by amending the complaint to name the Estate after the statute of limitations had elapsed. The motion further argued that the John Doe statute could not save the complaint from being barred by the statute of limitations because the John Doe statute could not be used in situations where the identity of the tortfeasor is known. Because Berryhill knew the identity of the tortfeasor at the time of the filing of the complaint, the John Doe statute could not be used to toll the statute of limitations.

Counsel for Berryhill responded denying that the statute of limitations barred the complaint. Counsel noted that the suit named not only Synatzske, but also named her Estate as a John Doe defendant in the event Synatzske had died prior to the filing of the complaint. Berryhill alleged this was proper because it was unknown at the time of the filing of the complaint whether Synatzske or her estate was the "tortfeasor" for purposes of the lawsuit. As a result, the initial complaint was not a nullity. Because she had timely substituted Huffman and served him prior to the service deadline passing, Berryhill argued that the amended complaint naming Huffman related back to the filing of the original complaint prior to the running of the statute of limitations.

The trial court granted the motion for summary judgment. The court found that Berryhill had failed to timely amend her complaint to name the Synatzske estate prior to the running of the statute of limitations after being placed on notice in October 2011 that the Estate was the proper party. The trial court further found that the statute of limitations was not tolled by the filing of the original complaint pursuant to the John Doe statute because Berryhill knew the identity of the tortfeasor, but failed to amend her original complaint prior

to the expiration of the statute of limitations. The court also found that Berryhill's amended complaint did not relate back to the original complaint because the original complaint was a nullity.

Ordinarily, summary judgment may be granted by a trial court only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Bisbee v. Decatur State Bank*, 2010 Ark. App. 459, 376 S.W.3d 505. Where, as here, however, the circuit court's decision was based upon its interpretation of a statute, which is a question of law, our review is de novo. *Evans v. Hamby*, 2011 Ark. 69, 378 S.W.3d 723; *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.* We find no error in the circuit court's interpretation of the law.

It is clear that Synatzske was deceased when the complaint was filed. As a result, she was not a proper defendant, and the complaint against her was void ab initio. *See Crenshaw v. Special, Adm'r of Estate of Ayers*, 2011 Ark. 222. At the time the original complaint was filed, a personal representative for her estate had not been appointed and could not be named as a proper defendant. *See Storey v. Smith*, 224 Ark. 163, 272 S.W.2d 74 (1954). By the time a personal representative had been appointed and an amended complaint naming the representative had been filed and served, the statute of limitations had expired. So the

4

SLIP OPINION

determinative issue in this case is whether the John Doe statute applies to toll the limitations period. It does not.

The John Doe statute, Arkansas Code Annotated section 16–56–125 (Repl. 2005) provides:

> (a) For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.
>
> (b)(1) The name of the unknown tortfeasor shall be designated by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc.
>
> (2) Upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name.
>
> (c) It shall be necessary for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply.

This statute was designed to address those instances in which the identity of a potential tortfeasor is unknown. For example, this statute clearly applies when there are issues regarding agency, respondeat superior, or third-party liability. It does not apply in situations such as this when there is no question regarding the identity of the alleged tortfeasor.

Because the original complaint was void ab initio, it was not subject to amendment, relation back, or substitution of parties under either Ark. R. Civ. P. 15(c) or 25. *See Crenshaw, supra.* And, because the amended complaint was filed after the statute of

limitations had expired, the trial court's order dismissing Berryhill's complaint with prejudice was correct.

Affirmed.

WYNNE, GRUBER, and HIXSON, JJ., agree.

PITTMAN and VAUGHT, JJ., dissent.

**LARRY D. VAUGHT, Judge, dissenting.** I agree with the facts summarized by the majority, along with the issue the majority states is determinative: whether the John Doe statute applies to toll the limitations period. However, because I would hold that the John Doe statute applies and tolls the statute of limitations in this case, I disagree with the holding of the majority and would reverse and remand.

The John Doe statute provides: "For the purposes of tolling the statute of limitations, any person . . . may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown." Ark. Code Ann. § 16-56-125(a) (Repl. 2005). The majority holds that the John Doe statute does not apply because there is no question regarding the identity of the tortfeasor: Berryhill knew Synatzske was the tortfeasor. But, under the unique facts of this case, the analysis is not that simple.

It is undisputed that at the time Berryhill filed her complaint,[1] she did not know that Synatzske had died. Therefore, Synatzske was no longer the proper defendant, and the complaint against her was void ab initio. *Crenshaw v. Spec. Adm'r of the Estate of Ayers*, 2011 Ark. 222, at 6. However, Berryhill's complaint also named Synatzske's estate as a John Doe defendant.

---

[1]It is also undisputed that this complaint was filed within the statute of limitations.

6

Synatzske and her estate are separate and distinct entities. *Crenshaw*, 2011 Ark. 222, at 5. And at the time Berryhill filed the complaint against the John Doe defendant, she did not (and could not) know the identity of the personal representative. Knowledge of the identity/name of the personal representative is required to proceed in a lawsuit against the personal representative of an estate. *Storey v. Smith*, 224 Ark. 163, 164, 272 S.W.2d 74, 75 (1954) (holding that a complaint that named the defendant as the "personal representative of the estate of Bill R. Storey, deceased," where no personal representative had been appointed, was void because that defendant could not exist until the identity of the personal representative was known or came into being). Therefore, based on the facts known to Berryhill when she filed the complaint, the "identity of the tortfeasor [was] unknown." Ark. Code Ann. § 16-56-125(a). Accordingly, I would hold that the statute applies and that it tolls the statute of limitations. Furthermore, I would hold that the complaint is not a nullity and that the amended complaint, naming Huffman as special administrator of Synatzske's estate, relates back and the lawsuit survives a statute-of-limitations attack.

I acknowledge that Berryhill took her time in filing the amended complaint naming Huffman. However, there is no time constraint set forth in the John Doe statute for when the amendment has to be filed, and the statute certainly does not require that the amendment be filed prior to the expiration of the statute of limitations. Ark. Code Ann. § 16-56-125(b)(2) (providing that upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name). Accordingly, I would reverse the trial court and remand for further proceedings.

SLIP OPINION



For these reasons, I respectfully dissent.

PITTMAN, J., joins.

*Whetstone and Odum*, by: *Kevin Odum*; and
*Baker, Schulze & Murphy*, by: *J.G. "Gerry" Schulze*, for appellant.

*The Huckabay Law Firm*, by: *D. Michael Huckabay, Jr.*, and *Kathryn B. Knisely*, for appellees.