

# SUPREME COURT OF ARKANSAS

No. CV–13–847

| | |
|---|---|
| MARY BERRYHILL<br>APPELLANT | **Opinion Delivered** April 17, 2014 |
| V. | APPEAL FROM THE HOT SPRING<br>COUNTY CIRCUIT COURT<br>[NO. 30CV-11-219-1] |
| FRANCES SYNATZSKE, DECEASED,<br>BRYAN HUFFMAN, AS SPECIAL<br>ADMINISTRATOR OF THE ESTATE<br>OF FRANCES SYNATZSKE, AND<br>JOHN DOES 1-70<br>APPELLEES | HONORABLE CHRIS E WILLIAMS,<br>JUDGE<br><br>REVERSED AND REMANDED;<br>COURT OF APPEALS' OPINION<br>VACATED. |

**KAREN R. BAKER, Associate Justice**

This appeal stems from a car accident between appellant, Mary Berryhill, and appellee, Frances Synatzske, that occurred on November 18, 2008. On September 21, 2011, Berryhill sued Synatzske alleging that Synatzske was responsible for the accident. In the same complaint, Berryhill also sued seventy John Does, including a John Doe that was designated to represent the estate of any defendant who predeceases the service of the complaint. On October 6, 2011, an answer was filed and stated that Synatzske had died and that an estate should be opened and served, and also alleged that the complaint should be dismissed for insufficiency of process and insufficiency of service of process.

On November 14, 2011, three days after the expiration of the statute of limitations, appellee, Bryan Huffman, filed a petition for appointment as special administrator of Synatzske's estate. On November 28, 2011, the circuit court appointed Huffman as special

SLIP OPINION

administrator of the estate (hereinafter the estate). On December 22, 2011, the circuit court granted Berryhill's motion to extend the time of service until May 16, 2012.

On April 3, 2012, approximately two months prior to the expiration of the statute of limitations, Berryhill filed an amended complaint naming the estate as a party. The estate answered and raised affirmative defenses of the statute of limitations, insufficiency of process, and insufficiency of service of process.

On July 5, 2012, the estate filed a motion for summary judgment asserting that the original complaint was a nullity because Synatzske had died prior to the filing of the original complaint, and therefore, it could not be transformed into a valid suit by amending the complaint after the statute of limitations had passed. The estate further argued that Ark. Code Ann. § 16-56-125 could not be used to toll the statute of limitations because the statute only applied in circumstances in which the tortfeasor was unknown, and asserted that in this case Berryhill knew the identity of the tortfeasor.

Berryhill responded that her complaint named Synatzske, as well as her estate, as a John Doe defendant pursuant to Ark. Code Ann. § 16-56-125 (Repl. 2005), in the event Synatzske died prior to filing the complaint. Berryhill further asserted that her complaint was proper because it was unknown at the time of the filing of the complaint whether Synatzske or her estate was the tortfeasor. Accordingly, Berryhill argued that the original complaint was not a nullity, and that she had timely substituted Huffman as a party and served him prior to the deadline passing. Finally, Berryhill argued that the amended complaint naming Huffman related back to the filing of the original complaint, which was prior to the running of the



statute of limitations.

After a hearing, the circuit court granted the estate's motion for summary judgment on September 13, 2012, finding that Berryhill had failed to timely file her amended complaint naming the estate prior to the running of the statute of limitations. The circuit court further found that the statute of limitations was not tolled by the filing of the original complaint pursuant to Ark. Code Ann. § 16-56-125 because Berryhill knew the tortfeasor, but failed to amend her original complaint prior to the expiration of the statute of limitations.

Berryhill appealed the decision to the court of appeals, which affirmed the circuit court's decision. *Berryhill v. Synatzske*, 2013 Ark. App. 483. Berryhill then petitioned this court for review, which we granted. Berryhill presents one issue on appeal: the circuit court erred in granting the estate's motion for summary judgment.

Upon granting a petition for review, this court considers the appeal as though it had been originally filed in this court. *Pack v. Little Rock Convention Ctr. & Visitors Bureau*, 2013 Ark. 186, ___ S.W.3d ___. This case comes to us from an order of summary judgment. A trial court may grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Crockett v. C.A.G. Invs., Inc.*, 2011 Ark. 208, 381 S.W.3d 793. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party leave a material question of fact unanswered. *Bryan v. City of Cotter*, 2009 Ark. 172, 303 S.W.3d 64. Summary judgment is also appropriate when the trial court finds that the allegations, taken as true, fail to state a cause of action. *Cottrell*

SLIP OPINION

*v. Cottrell*, 332 Ark. 352, 965 S.W.2d 129 (1998). We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Harrisburg Sch. Dist. No. 6 v. Neal*, 2011 Ark. 233, 381 S.W.3d 811.

## I. *Ark. Code Ann. § 16-56-125*

With these standards identified, we now turn to the issue presented, which is whether the circuit court erred in granting Synatzske's motion for summary judgment. The issue requires us to interpret Ark. Code Ann. § 16-56-125. We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. *Cooper Realty Invs., Inc. v. Ark. Contractors Licensing Bd.*, 355 Ark. 156, 134 S.W.3d 1 (2003). While we are not bound by the circuit court's ruling, we will accept that court's interpretation of a statute unless it is shown that the court erred. *Id.*

Turning to our review of the statute before us, "[t]he first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language." *Potter v. City of Tontitown*, 371 Ark. 200, 209, 264 S.W.3d 473, 481 (2007). "The basic rule of statutory construction is to give effect to the intent of the legislature." *Dep't of Human Servs. & Child Welfare Agency Review Bd. v. Howard*, 367 Ark. 55, 62, 238 S.W.3d 1, 6 (2006). Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998). Statutes relating to the same subject must be construed

4

SLIP OPINION

together and in harmony, if possible. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006).

The relevant statute, Ark. Code Ann. § 16-56-125 "Unknown Tortfeasors," provides:

(a) For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.

(b)(1) The name of the unknown tortfeasor shall be designated by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc.

(2) Upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name.

(c) It shall be necessary for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply.

Thus, the statute allows a complaint to be filed when the identity of the tortfeasor is unknown to the plaintiff.

Additionally, Rule 15(c) of the Arkansas Rules of Civil Procedure (2013) permits a party to file an amended pleading that relates back to the original filing under certain circumstances. Rule 15(c)(2) provides:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a

5

mistake concerning the identity of the proper party, the action would have been brought against the party.

Berryhill asserts that because the identity of the tortfeasor, the estate, was unknown to her at the time she filed her original complaint, Ark. Code Ann. § 16-56-125 was applicable to her case and tolled the statute of limitations.

Synatzske responds that Ark. Code Ann. § 16-56-125 is not applicable to Berryhill's case because this case is not one of mistaken identity, and Berryhill made a strategic decision not to name Synatzske's estate and did not exercise due diligence.

At issue is whether Ark. Code Ann. § 16-56-125 applies to Berryhill's case and tolls the statute of limitations on the filing of her original complaint. In applying our rules of statutory interpretation, we must give the words their ordinary and usually accepted meaning, and the identity of the tortfeasor must have been unknown to Berryhill. Black's Law Dictionary defines "tortfeasor" as "one who commits a tort; a wrongdoer." *Black's Law Dictionary* (9th ed. 2009).

Turning to the facts of Berryhill's case, the tortfeasors are Synatzske and Synatzske's estate. Synatzske and her estate are two separate and distinct defendants. *See Crenshaw v. Special Adm'r of Estate of Ayers*, 2011 Ark. 222. At the time the original complaint was filed, September 21, 2011, it is undisputed that it was unknown to Berryhill that Synatzske had died. Likewise, it was unknown to Berryhill whether an estate may have existed. Further, it was unknown to Berryhill whether a personal administrator of the estate had been appointed. However, although Berryhill was not aware of Synatzske's death, Berryhill's complaint also named Synatzske's estate as a John Doe defendant pursuant to Ark. Code

6

Ann. § 16-56-125. At the time Berryhill named the estate as a John Doe defendant, she did not and could not have known the identity of a personal representative as one had not yet been appointed. *See Storey v. Smith*, 224 Ark. 163, 272 S.W.2d 74 (1954) (A complaint that merely names an unidentified personal representative prior to the appointment of a representative is void.).

In reviewing the facts in this particular case, we hold that the circuit court erred by finding that the tortfeasor was not unknown pursuant to Ark. Code Ann. § 16-56-125.[1] The record demonstrates that the identity of the tortfeasor, Synatzske's estate, was unknown to Berryhill. Accordingly, Ark. Code Ann. § 16-56-125 is applicable to Berryhill's case and tolled the statute of limitations.

Additionally, we turn to Rule 15(c) because, before a real party can be substituted for a John Doe defendant in the original complaint, such pleadings must still meet the requirements of Rule 15(c). Here, the four prongs have been met: the claim clearly arose out of the same conduct set forth in the original pleadings; Synatzske's estate had notice of the initiation of the action and would not have been prejudiced in maintaining a defense on

---

[1] The estate urges us to affirm the circuit court based on *Crenshaw v. Special Adm'r of Estate of Ayers*, 2011 Ark. 222. We held in *Crenshaw* that "a complaint naming a deceased person as the defendant constitutes a defect that fails to invoke the jurisdiction of the court because there must be an entity in being at the time the complaint is filed." *Id.* at 6. We further held that there was no evidence to show that in filing the original complaint, Crenshaw intended to name the estate or a representative of Ayers's estate. However, *Crenshaw* is distinguishable from Berryhill's case. The record in the present case demonstrates that Berryhill certainly intended to name the estate or representative of the estate in the original complaint by naming the John Doe defendants. The record also demonstrates that Berryhill's counsel repeatedly corresponded with defense counsel in an attempt to identify the proper venue to petition for appointment of a special administrator.

SLIP OPINION

the merits; Synatzske's estate should have known that but for a mistake concerning the identity of the estate or the personal representative, that the action would have been filed against the personal representative; and finally, the service requirement was met, as the original complaint was served within 120 days of the filing.

Accordingly, because there is a valid pleading to relate back to, the real party, the estate or Huffman, can be substituted in the original complaint. We note that "[t]he purpose of Rule 15(c) is to avoid dismissals on technical grounds where the new defendant received notice of the litigation before the statute of limitations expired. *See* [William David Newbern], *Rule 15(c) of the Federal and Arkansas Rules of Civil Procedure: Amending Pleadings after the Statute of Limitations Has Run*, 1984 Ark. L. Notes 5." *Harvill v. Cmty. Methodist Hosp. Ass'n*, 302 Ark. 39, 41–42, 786 S.W.2d 577, 579 (1990).

Therefore, based on our discussion above and our standard of review, we hold that the circuit court erred in granting the estate's motion for summary judgment, and we reverse and remand the matter to circuit court for proceedings consistent with this opinion.

Reversed and remanded; court of appeals' opinion vacated.

HANNAH, C.J., and CORBIN and DANIELSON, JJ., dissent.

**PAUL E. DANIELSON, Justice, dissenting.** I respectfully dissent, as I would affirm the circuit court's findings that Berryhill failed to timely file her amended complaint naming the estate prior to the statute of limitations and that the statute of limitations was not tolled pursuant to Ark. Code Ann. § 16-56-125. I recognize the majority's motivation to be equitable, but do not agree that it is the correct interpretation of the law. Additionally, I fear

that the majority opinion redefines "tortfeasor" to include any liable party and the potential ramifications that could have.

It is undisputed that Berryhill's original complaint named Synatzske and numerous John Doe defendants and that Synatzske had predeceased the filing of that complaint. This court has specifically held that no legal proceeding is commenced when a complaint is filed against a deceased defendant. *See Crenshaw v. Special Adm'r of Estate of Ayers*, 2011 Ark. 222. We explained:

> The original complaint was void ab initio and a nullity, and as such, it was not subject to amendment, relation back under Rule 15(c), or substitution of parties under Rule 25. A complaint naming a deceased person as the defendant constitutes a defect that fails to invoke the jurisdiction of the court because there must be an entity in being at the time the complaint is filed. A complaint must be valid to constitute an amendable pleading. Before Rule 15(c) can apply, there must be a valid pleading to relate back to. Rule 25 provides for substitution when "a party dies," which means that the person must be a party at the time of death.

*Crenshaw*, 2011 Ark. at 6 (internal citations omitted).

While there is dicta in *Crenshaw* making mention that there had been no evidence in that case to show that in filing the original complaint, Crenshaw intended to name the estate or the representative, we did not make any conclusions as to whether such evidence would have changed the court's holding. To do so would have been advisory, and it is well settled that this court does not issue advisory opinions. *See DIRECTV, Inc. v. Murray*, 2012 Ark. 366, ___ S.W.3d ___. Because Synatzske was deceased at the time the original complaint was filed, the complaint was void ab initio, a nullity, and, therefore, not an amendable pleading.

The majority opinion declares that "the tortfeasors are Synatzske and Synatzske's

9

estate." However, Synatzske's estate was not the tortfeasor here. As the majority acknowledges, a tortfeasor is "one who commits a tort; a wrongdoer." *Black's Law Dictionary* 1527 (9th ed. 2009). There is no question that Berryhill knew that the alleged tortfeasor involved in the accident was Synatzske. Her alleged wrongdoer was Synatzske, not Synatzske's estate. Synatzske and the estate of Synatzske are separate and distinct entities. *See Crewnshaw, supra.* The John Doe statute clearly applies only in cases where the tortfeasor is unknown. It is not a fact in the instant case that the tortfeasor was unknown.

Rather, at the time that Berryhill filed the complaint, she suspected that Synatzsek was deceased. Therefore, she named a John Doe to represent a possible estate. Berryhill was officially put on notice that Synatzsek was indeed deceased when an answer was filed on October 6, 2011, over a month before the statute of limitations was to expire. While the record might indicate that Berryhill's counsel corresponded with defense counsel in an attempt to identify the proper venue to petition for appointment of a special administrator, the process to have a special administrator appointed is not a complex one. Berryhill seemingly relied on her original complaint, which named John Doe defendants. However, as previously noted, there were no unknown tortfeasors in the instant case and the John Doe statute simply did not apply. It is for this reason that I believe the circuit court's order of summary judgment should be affirmed, and I dissent.

HANNAH, C.J., and CORBIN, J., join.
*Whetstone and Odum*, by: *Kevin Odum*; and *Baker, Schulze & Murphy*, by: *J.G. "Gerry" Schulze*, for appellant.
*The Huckabay Law Firm*, by: *D. Michael Huckabay, Jr.*, and *Kathryn B. Knisely*, for appellees.