# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3081
_____

Darren Lee

*Plaintiff - Appellant*

v.

Airgas - Mid South, Inc.; John Does 2-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 14, 2015
Filed: July 16, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

After Darren Lee was blinded in one eye while attaching an oxygen tank to his welder, he brought this diversity suit against the manufacturer of the pressure regulator and several John Doe defendants. Lee voluntarily dismissed the claims against the regulator manufacturer, but moved to amend his complaint to substitute Airgas USA, LLC (Airgas LLC), and Airgas - Mid South, Inc. (Airgas Mid-South),

the alleged supplier of Lee's oxygen tank, for John Does 1 and 2. The district court[1] permitted the amendment as to Airgas Mid-South but ultimately dismissed the suit, reasoning (1) Lee's claims against Airgas Mid-South were time-barred, and (2) the district court lacked diversity jurisdiction over the claims against the John Does. We affirm the dismissal.

## I.    BACKGROUND

On August 20, 2013, Lee, an Arkansas citizen, commenced this diversity suit in the United States District Court for the Western District of Arkansas against Victor Technologies International, Inc. (VTI) and ten John Does. Lee's complaint alleged that while preparing for a welding project on August 21, 2010, he attached a newly purchased oxygen tank to his existing pressure regulator, manufactured by VTI. Lee "tried without success to adjust the regulator pressure" when "[s]uddenly, and without warning, the metal crimped end of the oxygen hose came loose from the metal hand-piece, striking him in the right eye." Alleging defects in the regulator system, Lee raised several claims against VTI.

On December 18, 2013, Lee moved for leave to amend his complaint "to substitute [Airgas LLC], and [Airgas Mid-South] for defendants John Doe 1 and John Doe 2."[2] The district court denied the motion, noting Lee failed to allege (1) Airgas Mid-South's principal place of business, (2) the citizenship of Airgas LLC's members, and (3) the citizenship of any John Doe defendants. The order imposed a deadline by which Lee was to correct these errors and advised that should Lee fail to do so, "the Court **WILL** dismiss this action without prejudice for lack of subject matter jurisdiction."

---

[1]The Honorable P.K. Holmes III, Chief Judge, United States District Court for the Western District of Arkansas.

[2]Lee settled his claims against VTI, which were voluntarily dismissed with prejudice in January 2014.

Within the deadline, Lee again moved to amend the complaint, this time proposing to drop Airgas LLC and alleging Airgas Mid-South was a foreign corporation with a principal place of business outside Arkansas. The court granted this motion on February 13, 2014, and Lee filed his amended complaint on February 20, 2014, alleging defects in both his regulator system and the oxygen tank he purchased on the day of the incident.

Although the amended complaint named only Airgas Mid-South, Airgas LLC responded, explaining it had been "incorrectly identified as Airgas [Mid-South]." Airgas LLC, a Delaware company, claimed it was the true defendant because Airgas Mid-South and Airgas LLC had merged in 2012, leaving Airgas LLC as the surviving entity. Airgas LLC moved for dismissal, arguing the claims against it were time-barred. The district court agreed, reasoning Lee filed the amended complaint outside the three-year statute of limitations and the claims did not relate back to the date of Lee's initial complaint because Airgas LLC had no "actual or constructive notice" of the suit within 120 days of the action's commencement. See Fed. R. Civ. P. 4(m), 15(c)(1). The district court also dismissed Lee's claims against the John Does for failing to allege their citizenship. Lee appeals.

## II.     DISCUSSION
### A.     Airgas LLC
#### 1.     Jurisdiction and Justiciability

Lee devotes approximately five pages of his opening brief to attacking the district court for "never address[ing] the lack of standing or jurisdiction issues as to Airgas [LLC]," which he claims "should have been raised by the court on its own motion." Lee's contentions fall short.

Lee first believes Airgas LLC had "no standing . . . to file the motion to dismiss" because (1) Airgas LLC never "made clear that it assumed the debts and liabilities of Airgas [Mid-South]," and (2) "no Airgas entity has admitted that it

supplied the oxygen tank at issue." However, Airgas LLC conceded that, as the surviving entity of the merger, it assumed by statute the liabilities of Airgas Mid-South, and for the purposes of this action, "Airgas [LLC] *is* Airgas [Mid-South]." See Del. Code Ann. tit. 6, § 18-209(g) ("[A]ll debts, liabilities and duties of each of the said domestic limited liability companies and other business entities that have merged or consolidated shall thenceforth attach to the surviving or resulting domestic limited liability company . . . , and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."). Lee's claims are therefore assertions of Airgas LLC's liability, against which Airgas LLC has every right to defend.

Despite Lee's claims to the contrary, the existence of a case or controversy here does not depend upon proof or concession, particularly at the pleading stage, that Airgas LLC (or any other Airgas entity) actually supplied the oxygen tank in question. See Hutterville Hutterian Brethren, Inc. v. Sveen, 776 F.3d 547, 553-54 (8th Cir. 2015) (explaining that general factual allegations may suffice at the pleading stage and standing does not depend on the plaintiff's ability to prove misconduct).

Lee, apparently dissatisfied with his own choice of forum, also questions diversity of citizenship, believing the district court failed to inquire about the citizenship of Airgas LLC's members and "should have . . . raised" the issue "on its own motion." Yet, it is undisputed Airgas LLC's only member is Airgas, Inc., and Airgas, Inc. is not a citizen of Arkansas. See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes.").

### 2. Timeliness

Lee does not dispute the three-year statute of limitations applicable to his product liability claims, see Ark. Code Ann. § 16-116-103, ran in August 2013. Lee first named Airgas Mid-South as a defendant in his February 20, 2014 amended

complaint, but he argues these claims are not time-barred because the amended complaint relates back to his original August 20, 2013, complaint.

"Such an amendment ordinarily will *not* be treated as relating back to the prior pleading, unless certain conditions set forth in Fed. R. Civ. P. 15(c) are satisfied." Foulk v. Charrier, 262 F.3d 687, 696 (8th Cir. 2001) (citing Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 467 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996)). An amendment which "changes the party or the naming of the party against whom a claim is asserted" relates back if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) "the party to be brought in by the amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits"; (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity"; and (4) the second and third of these requirements were met "within the period provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(B), (C). The district court determined, and we agree, that even if Lee satisfies the first three of these requirements, Lee's case fails on the fourth.

Lee must show Airgas LLC received notice of this lawsuit "within 120 days after the complaint [wa]s filed."[3] Fed. R. Civ. P. 4(m). Lee provides neither argument nor evidence showing Airgas LLC had notice of the action any earlier than March 10, 2014, when Lee served Airgas LLC's agent. Instead, Lee proposes his

---

[3]The 120-day requirement also can be extended by any service-of-process extensions the district court might grant for "good cause." See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15, advisory committee's note (1991) ("[T]his rule allows not only the 120 days specified in [Rule 4(m)], but also any additional time resulting from any extension ordered by the court pursuant to that rule."). Lee never asked for an extension and does not appeal the district court's conclusion that he failed to establish good cause for delay.

December 18, 2013, motion for leave to file an amended complaint "tolled" the 120-day service period for purposes of Rule 15(c)(1)(C).

We cannot accept Lee's tolling proposal. "[F]iling an amended complaint in itself does not toll the service period" or reset the 120-day clock; at best, "adding a new party through an amended complaint initiates a new 120-day timetable for service upon *the added defendant*." 4B Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 1137 (4th ed. 2015) (emphasis added); <u>see</u> <u>also</u> <u>Bolden v. City of Topeka, Kan.</u>, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."); <u>see</u>, e.g., <u>Carmona v. Ross</u>, 376 F.3d 829 (8th Cir. 2004) (per curiam) (affirming the finding of late service of defendants named in initial complaint but giving plaintiff a new 120-day clock for serving *new* defendants added in amended complaint). And for Lee's purposes, a new 120-day timetable for newly added defendants is irrelevant because Rule 15(c)(1)(C) looks to the Rule 4(m) period for serving the *original* complaint. <u>See</u>, e.g., <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 220 (3d Cir. 2003) (noting the newly added defendants "must have received notice of the institution of the action within 120 days following the filing of the action"); <u>Barrow</u>, 66 F.3d at 469 (explaining Rule 15(c)(1)(C) requires notice "within 120 days of the filing of the original complaint"). Were Rule 15(c)(1)(C) to reset its 120-day requirement every time a defendant is added, its notice requirement would be a practical nullity with the plaintiff's existing obligation under Rule 4(m) to *serve* the new defendant within 120 days of the amended complaint (which would notify him of the lawsuit). Rule 15(c)(1)(C) imposes an independent requirement for relation back, not satisfied here, that the newly added defendant must have had notice of the suit within 120 days of filing the original complaint.[4]

---

[4]This result is not altered by Lee's use of John Doe pleadings under Ark. Code Ann. § 16-56-125. In Arkansas, "before a real party can be substituted for a John Doe

**B. John Does**

Invoking Federal Rule of Civil Procedure 21, the district court dismissed the John Doe defendants, ruling they were dispensable parties whose diverse citizenship had not been established. See Fed. R. Civ. P. 21; Buckley v. Control Data Corp., 923 F.2d 96, 97-98 (8th Cir. 1991) (observing that under Rule 21, even appellate courts may dismiss dispensable, diversity-destroying parties). The district court reasoned "Lee's bare allegation[] that none of the John Doe defendants are believed to be citizens of the State of Arkansas is purely speculative" and solely relies on an "affidavit of Lee's counsel . . . which is itself speculative." Lee contends he "is not required to allege citizenship of nominal John Doe defendants in a 28 U.S.C. § 1332 diversity action" because 28 U.S.C. § 1441(b)(1) requires that we ignore the citizenship of "defendants sued under fictitious names" in removal cases. Lee believes "[i]t would make no legal sense for a plaintiff in a § 1332 case to be treated differently than a party in a case involving Doe defendants under § 1441."

"For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship," Howell by Goerdt v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)), a crucial prerequisite which every plaintiff seeking diversity jurisdiction has the burden of alleging and eventually proving, see Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010). Given this burden, "[t]he general rule . . . has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff

---

defendant in the original complaint, such pleadings must still meet the requirements of Rule 15(c)." Berryhill v. Synatzske, 432 S.W.3d 637, 642 (Ark. 2014) (discussing Rule 15(c) of the Arkansas Rules of Civil Procedure, which is equivalent to Rule 15(c) in the Federal Rules of Civil Procedure). Assuming "the John Doe statute were to apply in this case," the statute of limitations still bars Lee's claim, even in Arkansas state court, because he "failed to comply with the strictures of Rule 15 so as to permit the amended complaint to relate back to the time of the filing of the first complaint." Stephens v. Petrino, 86 S.W.3d 836, 842 (Ark. 2002).

in order to continue a federal court action." 13F Charles Alan Wright, et al., Federal Practice & Procedure § 3642 (3d ed. 2009). Lee looks to equate removed and original federal cases in their treatment of John Does, but just because a plaintiff cannot protect his state action from federal jurisdiction by inserting a fictitious non-diverse John Doe, see 28 U.S.C. § 1441(b)(1), does not mean a plaintiff *seeking* federal court can ignore the strictures of diversity jurisdiction, see id. § 1332(a) (omitting language with regard to ignoring fictitious defendants).

Lee inadvertently avoids this jurisdictional quandary and satisfies diversity by failing to levy a single claim against a John Doe defendant. In Lee's amended complaint, the John Does are mentioned precisely twice, and in both instances the complaint states only that the John Does "are persons or corporations or other entities whose identity and whereabouts are unknown at the time of filing this Complaint. None of the John Doe defendants are believed to be citizens of Arkansas." The John Does are obviously fictional placeholders, and because Lee raises no claim against them, their presence in the complaint is also nominal and, as such, cannot affect diversity jurisdiction. See Midwestern Indem. Co. v. Brooks, 779 F.3d 540, 544 (8th Cir. 2015); Howell, 106 F.3d at 218 (concluding diversity is unaffected where John Does are nominal parties).

For the same reason—there being no claim against them—the John Does are irrelevant to the merits of Lee's case, and they therefore were properly dismissed, without prejudice, with the remainder of the case. See Fed. R. Civ. P. 12(b)(6); Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) ("The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief."); accord, e.g., Moore v. Gen. Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996) (per curiam) (ignoring the citizenship of nominal John Does for diversity jurisdiction because no claims were raised against them and dismissing them with the remainder of the case where the claims against the named parties were meritless).

## III.  CONCLUSION

We affirm the district court's dismissal of this action.[5]

_____

_____

[5]We deny Airgas LLC's motion to strike the addendum to Lee's reply brief.