Cite as 2022 Ark. App. 484

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-21-616

| | |
|---|---|
| ZACHARY PLUNKETT<br><br>APPELLANT<br><br>V.<br><br>CHERYL VOSBURG, IN HER CAPACITY AS SPECIAL ADMINISTRATOR OF THE ESTATE OF HOWELL GRIFFIN, DECEASED<br><br>APPELLEE | Opinion Delivered November 30, 2022<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-20-539]<br><br>HONORABLE DIANNA HEWITT LADD, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

This case arises from a motor-vehicle accident involving appellant Zachary Plunkett and Howell Griffin, who is deceased. Appellant appeals from an order of the Sebastian County Circuit Court dismissing his amended complaint against appellee Cheryl Vosburg, special administrator of the estate of Howell Griffin, on the basis that it was barred by the statute of limitations. For his sole point on appeal, appellant argues that the circuit court erred in granting the motion to dismiss because *Crenshaw v. Special Administrator of Estate of Ayers*, 2011 Ark. 222, should be overruled. We affirm.

Appellant and Griffin were involved in a motor-vehicle accident on August 4, 2017. Griffin passed away on February 17, 2018. On July 24, 2020, appellant filed a complaint for personal injury arising out of the accident and named Griffin as the only defendant.

Appellant sought the appointment of a special administrator after learning of Griffin's death. A motion for substitution of parties was filed by Jan Heiss on October 26, stating that she had been appointed as special administrator of Griffin's estate by the Sebastian County Circuit Court. On November 6, 2020, appellant filed an amended complaint for personal injury against Heiss as special administrator of Griffin's estate. Heiss filed an answer on November 25, 2020, raising numerous affirmative defenses, including statute of limitations. On December 20, Heiss was dismissed as special administrator in the probate case, and Cheryl Vosburg was appointed. Thereafter, the circuit court entered an order in the present case dismissing Heiss and amending the caption to reflect Vosburg as the special administrator of Griffin's estate.

On January 8, 2021, Vosburg filed a motion to dismiss the amended complaint, alleging that it was filed outside of the three-year statute of limitations for negligence actions under Ark. Code Ann. § 16-56-105 (Repl. 2005). The motion alleged that the original complaint was filed against a deceased individual, which is a nullity under Arkansas law according to *Crenshaw*, *supra*. Appellant responded that he was unaware of Griffin's death before the complaint was filed; he petitioned for the appointment of Jan Heiss as special administrator after learning of Griffin's death; he filed an amended complaint naming Heiss as defendant after being appointed special administrator; and Heiss had signed a waiver of service of summons within the 120-day time period for service of process under Ark. R. Civ. P. 4(i). Appellant argued that barring him from having his case heard on the merits after timely filing suit against Griffin, whose death was unknown to him, would result in an

2

unconstitutional deprivation of property without due process of law and a violation of equal protection of the laws and would be inconsistent with amendment 80 to the Arkansas Constitution. Appellant argued that his amended complaint should relate back to the original complaint pursuant to Rule 15(c) of the Arkansas Rules of Civil Procedure and asked the circuit court to overrule *Crenshaw*.

On September 30, the circuit court granted appellee's motion to dismiss on the basis of our supreme court's ruling in *Crenshaw*, which held that a plaintiff must sue a living defendant. The circuit court further found that *Crenshaw* did not violate appellant's right to access the courts, did not result in differential treatment being applied to him compared to others who were similarly situated, and was not inconsistent with amendment 80 to the Arkansas Constitution. Appellant timely appealed from this order.

In *Hackelton v. Malloy*, 364 Ark. 469, 474, 221 S.W.3d 353, 357 (2006), the supreme court stated the standard of review from an order granting a motion to dismiss based on the statute of limitations as follows:

> When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Preston v. University of Arkansas for Medical Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *See id.* Further, if there is any reasonable doubt as to the application of the statute of limitations, this court will resolve the question in favor of the complaint standing and against the challenge. *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 66 S.W.3d 613 (2002).

(quoting *Brewer v. Poole*, 362 Ark. 1, 7, 207 S.W.3d 458, 461 (2005)).

The circuit court granted appellee's motion to dismiss based on *Crenshaw*. In *Crenshaw*, our supreme court affirmed the order of summary judgment that dismissed Hunter Crenshaw's complaint against Steven Ayers with prejudice for failure to commence the action within the applicable statute of limitations. Crenshaw argued that the circuit court erred in dismissing the lawsuit because service of his complaint on a special administrator appointed by the probate court subsequent to the filing of the original complaint related back to commencement of the original complaint and brought service within the applicable statute of limitations.

Crenshaw and Ayers were in an automobile accident on May 21, 2007. Ayers died on May 9, 2009. Crenshaw filed a complaint on May 14, 2010, naming the deceased Ayers as the sole defendant. On September 3, 2010, Crenshaw filed a complaint naming a special administrator as a defendant. The special administrator was served on September 7, 2010, four days before the 120 days under Ark. R. Civ. P. 4 expired. In response to a motion to dismiss and motion for summary judgment based on statute of limitations, Crenshaw argued that he was entitled to substitute the special administrator for the deceased Ayers under Ark. R. Civ. P. 25 or, alternatively, that the complaint filed against the special administrator related back to the original complaint under Ark. R. Civ. P. 15.

On appeal, Crenshaw argued that naming Ayers was a misnomer. Our supreme court held that Crenshaw did not make a mistake in naming Ayers as the defendant but intended to name Ayers and "did so unaware that Ayers was deceased." Consequently, the court held

4

that no legal proceeding was commenced by filing the complaint against the deceased Ayers, explaining as follows:

> The original complaint was void ab initio and a nullity, and as such, it was not subject to amendment, relation back under Rule 15(c), or substitution of parties under Rule 25. A complaint naming a deceased person as the defendant constitutes a defect that fails to invoke the jurisdiction of the court because there must be an entity in being at the time the complaint is filed. *See Storey* [*v. Smith*], 224 Ark. 163, 167, 272 S.W.2d 74, 77. A complaint must be valid to constitute an amendable pleading. *Davenport v. Lee*, 348 Ark. 148, 164, 72 S.W.3d 85, 94 (2002). Before Rule 15(c) can apply, there must be a valid pleading to relate back to. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 204, 73 S.W.3d 584, 588 (2002). Rule 25 provides for substitution when "a party dies," which means that the person must be a party at the time of death. *See* Ark. R. Civ. P. 25(a). The September 3, 2010 complaint naming the special administrator began an entirely new lawsuit and, therefore, was subject to the statute of limitations, which Crenshaw acknowledges had already run on May 21, 2010.

*Crenshaw*, 2011 Ark. 222, at 6.

Appellant does not disagree with the circuit court's interpretation of *Crenshaw* but argues that *Crenshaw* should be overruled because it raises constitutional concerns. Appellant challenges the constitutionality of a bright-line rule that a complaint filed against a deceased person is a nullity when the plaintiff, like appellant, does not know that a defendant has died. He argues that the (1) the right to sue for damages is a fundamental property right that cannot be taken without due process, which requires some minimal notice before the taking occurs; (2) the supreme court's holding in *Crenshaw* interferes with a constitutional right that is not carried out with the least restrictive means available; and (3) dismissal of appellant's case violates Equal Protection guarantees in the United States Constitution. In addition,

5

appellant makes a public-policy argument that cases should be decided on the merits and not technicalities.

It is undisputed that *Crenshaw* is on all fours with this case. Here, appellant filed a complaint against Howell and did so unaware that he was deceased. The November 6, 2020 amended complaint naming the special administrator began a new lawsuit that was subject to the statute of limitations, which had expired on August 4, 2020.

Appellant does not argue that his case is distinguishable from *Crenshaw* and, in fact, agrees with the circuit court's interpretation of *Crenshaw*. Instead, appellant asks us to overrule *Crenshaw* on constitutional and public-policy grounds. We, however, must follow the precedent set by the supreme court and are powerless to overrule its decisions. *Northport Health Servs. of Ark., LLC v. Chancey*, 2022 Ark. App. 103, at 10, 642 S.W.3d 253, 259. Accordingly, we affirm the circuit court's dismissal of appellant's amended complaint.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*McCutchen Sexton Napurano*, by: *Joey McCutchen*, *Sam Sexton II*, and *Stephen Napurano*, for appellant.

*Jones, Jackson, Moll, McGinnis & Stocks, PLC*, by: *Randolph C. Jackson* and *Michael T. Newman*, for appellee.