ARKANSAS DEPARTMENT OF HUMAN SERVICES
*v.* Sharon BAILEY

93-1386                                    885 S.W.2d 677

Supreme Court of Arkansas
Opinion delivered October 24, 1994

*Elizabeth McGee*, for appellant.

*Advocacy Services, Inc.*, by: *J. William Cain, Jr.* and *Janet Cecil Baker*, for appellee.

STEELE HAYS, Justice. This case involves a series of orders by which the Juvenile Division of the Pulaski County Chancery Court ordered Robert Michael Bailey, Jr. to complete a treatment program at the San Marcos Treatment Center in San Marcos, Texas. One order, entered September 10, 1993, directed the Arkansas Department of Human Services (DHS) to pay for the treatment from the time Medicaid was denied until such time as the juvenile was transferred to a step down program. DHS insists the juvenile court exceeded its powers in ordering family services at a specific institution and erred in entering judgment against DHS. We hold under these circumstances DHS may not appeal from litigation to which it was not a party.

Michael was adjudicated a member of a Family in Need of Services (FINS) by the Juvenile Division of the Pulaski County Chancery Court on March 6, 1990 [Case No. J-90-290]. At a periodic review hearing held on July 30, 1992, the chancellor ordered Michael to the San Marcos Treatment Center. The style of that case is Sharon Bailey v. Robert Michael Bailey, Jr. [Case No. J-90-290].

Subsequently, Michael was charged with theft by receiving, a Class C felony. The case, State of Arkansas *v.* Robert M. Bailey, was transferred to juvenile court. In a hearing on June 29, 1993, the chancellor determined she would defer a decision on transferring the case back to circuit court until Michael completed treatment at San Marcos.

*On August 31, 1993*, the chancellor entered an order in the case of Sharon Bailey v. Robert Michael Bailey [Case No. J-90-290]. The order stated:

Juvenile should complete treatment at San Marcos Brown school until such time he can be transferred to the vocational step down program in Austin, [Texas]. It has been determined by the CASSP team that Ark[ansas] DHS should pay for place with step down program due to the lack of appropriate place for juvenile in Arkansas.

Further, the chancellor entered an order on *September 10, 1993* which concluded:

DHS shall pay for treatment at San Marcos Treatment Facility from the time medicaid was denied until such time as the juvenile is transferred to step down program.

The Department of Human Services filed a notice of appeal on September 28, 1993 in the case of Sharon Bailey v. Robert Michael Bailey [Case No. J-90-290]. DHS specified it was appealing the order dated August 31, 1993.

On October 14, 1993, the chancellor dismissed Case No. J-90-290 (the style of that case is Robert M. Bailey, Sr. v. Robert M. Bailey, Jr.). On October 19, 1993, DHS filed a motion, pursuant to ARCP Rule 60, to set aside the order dated September 10, 1993. In an order entered on November 4, 1993, the chancellor found DHS's motion to set aside was procedurally invalid because it was filed after the case had been dismissed. Finally, on November 15, 1993, DHS filed a motion to clarify whether the September 10 Order was a valid, enforceable order. No further action occurred until DHS filed a second notice of appeal in the case Sharon Bailey v. Robert Michael Bailey [Case No. J-90-290] on December 17, 1993. DHS specified it was appealing the order dated September 10, 1993.

In the instant case, DHS's name was never shown in the style of the case until this appeal and the state never entered an appearance by any type of pleading. In fact, the style of the case on both notices of appeal is "Sharon Bailey v. Robert Michael Bailey." We find DHS's appearances and involvement were pursuant to DHS's obligations under the Juvenile Code. Ark. Code Ann. §§ 9-27-301—352 (Repl. 1993).

In a similar case, *Department of Human Services* v. *Crunkleton*, 303 Ark. 21, 791 S.W.2d 704 (1990), we held that

"not having been sued and not having waived its immunity, the state was not subject to a judgment to be awarded against a department of the state." We noted that the state was never served with process and never entered an appearance by any type of pleading. *Id.* Also, we emphasized "the state had not filed a single pleading and its name was never shown in the style of the case until this appeal." *Id.* Nevertheless, we said relief from the error must be addressed in the trial court, since one may not appeal from litigation to which it was not a party. The appeal was dismissed. *Id.; Quattlebaum and CBM, Inc.* v. *Gray*, 252 Ark. 610, 480 S.W.2d 339 (1972)

██    Under these circumstances we find any relief to which DHS may be entitled must be afforded in the trial court because our general rule is that this court cannot act upon an appeal taken by one not a party to the action below. *Quattlebaum and CBM, Inc., supra; Crunkleton, supra; In the Matter of Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990). DHS's relief should be obtained in the trial court. *Quattlebaum and CBM, Inc., supra.* DHS contends the instant case differs from *Crunkleton* because it had sought relief from the trial court. DHS did file an ARCP Rule 60 motion to set aside the judgment with the trial court; however, that motion was denied. DHS has not appealed the denial of its motion to set aside the judgment which would be the proper procedure. *See generally Cole* v. *First Nat'l Bank*, 304 Ark. 26, 800 S.W.2d 412 (1990); *Lawson* v. *Edmonson*, 302 Ark. 46, 786 S.W.2d 823 (1990). DHS simply attempts to appeal the August 31 and September 10 Orders involving litigation to which it was not a party. *See Crunkleton, supra.*

Finally, we note that if DHS had standing to appeal the September 10 Order, the notice of appeal was not timely. Arkansas R. App. P. 4(a) provides in part that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree, or order appealed from." The time for filing a notice of appeal from the September 10 Order expired on Monday, October 11, 1993. At that time, DHS had simply filed its notice of appeal as to the August 31 Order.

██    Thus, the only order with a timely notice of appeal is the August 31 Order. However, there is no award against the state in the August 31 Order. The chancellor simply concluded

Michael should complete treatment at San Marcos. The order did not hold that DHS must pay for the treatment. In fact, the only reference made to DHS was that the Child and Adolescent Service System Program (CASSP) team had determined DHS should pay for a step down program after the treatment at San Marcos had been completed. In its brief, DHS admits CASSP can in no way bind a state agency to follow a CASSP recommendation. Accordingly, there is no award against the state in the August 31 Order.

Because DHS was not a party to the litigation, we find its relief under these circumstances should be obtained by challenging the judgment in the trial court.

Appeal dismissed.