KAREN R. BAKER, Associate Justice |,This appeal stems ■from the temporary appointment of guardianship of Louise Alma Sheperd, also known as Louise Wha-ley, a 93-year-old woman residing in Austin, Arkansas. Appellant, Timothy Wha-ley, is Sheperd’s grandson. The appellees, Pam and Don Beckham, are Sheperd’s neighbors "and temporary guardians. .Whaley filed this one-brief appeal from the February 26, 2015 order entered by the Lonoke County Circuit Court denying his motion to dismiss the Beckhams’ motion to intervene, granting the Beckhams’ intervention, and reappointing the Beck-hams as temporary guardians of the person of Shepherd and First Community Bank of Searcy as guardian of Sheperd’s estate.[1] Whaley’s sole argument on appeal is that the circuit court erred in allowing |2the permissive intervention of the Beck-hams in this guardianship case. This case has a lengthy history included in a related appeal, Autry v. Beckham, 2014 Ark. App. 692, 450 S.W.3d 247, It is necessary to recount the facts and proceedings’ in Autry because they are relevant to this appeal. On July 29, 2013, Janet Kaye Autry, Sheperd’s granddaughter, filed a petition to be appointed temporary and then permanent guardian of both the estate and of Sheperd. On August 6, 2013, the circuit court made the temporary appointment/ On September 23, 2013, the Beckhams were allowed to intervene, and on February 20, 2014, the circuit court appointed them guardians of Sheperd and First Community Bank as the guardian of the estate. Autry appealed, and on December 3, 2014, the court of appeals reversed the circuit court based upon the lack of an affidavit or other testimony of a professional evaluation of Sheperd, and did not reach the other issues, including the challenge to permissive intervention, Id. The Beckhams filed a petition for rehearing, which was denied, and the court of appeals’ mandate issued on January 14, 2015. During this same time, on December 10, 2014, Whaley filed an ex parte petition to be appointed temporary guardian and permanent guardian of Sheperd. On January 27, 2015, before the circuit court took action on either petition, the Beckhams filed another petition to intervene and for appointment as guardians. Both the motion and the petition stated that their reason for intervention was that they, have consistently taken care of Shep-erd. On January 29,2015, a full hearing was held, including Whaley’s motion to dismiss the Beckhams’-motion.for leave to intervene, From the bench, the circuit court denied Whaley’s motion to dismiss the Beckhams’ motion for leave to intervene, granted the [^Beckhams’ intervention, and reappointed the Beckhams as temporary guardians of Sheperd and the First Community Bank as guardian of Sheperd’s estate. On February 26, 2015, the circuit court entered an order reflecting this ruling and Whaley filed a timely notice of appeal, and the case was submitted to the court of appeals. On September 9, 2015, the court of appeals dismissed Whaley’s appeal holding that the order appealed from was not a final," appealable order. Whaley v. Beckham, 2015 Ark. App. 469, 2015 WL 5265542. However, on November 18, 2015, upon granting Whaley’s petition - for rehearing, the court of appeals issued a substituted opinion and held that the order was an appealable order and affirmed the circuit court. Whaley v. Beckham, 2015 Ark. App. 675, 476 S.W.3d 810. • After entry ,of the court of appeals’ substituted opinion, Whaley filed a petition for review. On February 11, 2016, we granted Whaley’s petition for review. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. Sullivan v. Coney, 2013 Ark. 222, 427 S.W.3d 682. On appeal, Whaley presents one argument: the circuit court erred when it denied Whaley’s motion to dismiss the Beckhams’ motion for leave to' intervene in the guardianship proceeding. I. Standard of Review -. This court reviews probate proceedings de novo on the record, but it will not reverse the decision of the circuit court unless it is clearly erroneous. Seymour v. Biehslich, 371 Ark. 359, 266 S.W.3d 722 (2007); Bullock v. Barnes, 366 Ark. 444, 236 S.W.3d 498 (2006). In conducting our review, we give due regard to the opportunity and superior position of the trial judge to determine the .credibility of the witnesses. Seymour, supra. Furthermore, while Rwe will not overturn the probate court’s factual determinations unless they are clearly erroneous, we-are free in á de novo review to reach a different result required by the law. Standridge v. Standridge, 304 Ark. 364, 803 S.W.2d 496 (1991); Hetman v. Schwade, 2009 Ark. 302, at 5, 317 S.W.3d 559, 562. With regard to intervention, permissive intervention is a matter within the circuit court’s discretion and is subject to the abuse-of-discretion standard of review. Billabong Prods., Inc. v. Orange City Bank, 278 Ark, 206, 644 S.W.2d 594 (1983); Hunter v. Runyan, 2011 Ark. 43, at 18, 382 S.W.3d 643, 653. II. Law and Analysis Whaley’s appeal concerns one issue, intervention. The record before us demonstrates that Whaley’s motion to dismiss the Beckhams’ motion for leave to intervene is from the “Temporary Order” of the circuit court in probate proceedings and therefore appealable. Ark. Code Ann. § 28 — 65—218(1) (Repl.2012) specifically provides for appeals of temporary guardian-ships: “In other-respects, the provisions of this chapter concerning guardians shall apply to temporary guardians, and an appeal may be taken from the order of appointment of a temporary guardian.” Therefore, we conclude that the appeal is properly before us under the procedures established by statute for probate proceedings. Next, we recognize that while it was not raised by the parties, we must address mootness. The crux of this case is the “Temporary Order” allowing interven- • tion and temporary appointment of guardianship. On February 28, 2015, the circuit court entered an order for temporary appointment of guardianship. Pursuant to Ark.Code Ann. § 28-65-218] fl(a)(l) the temporary guardianship shall not exceed ninety days including extensions and based on the statute, the temporary guardianship expired on May 28, 2015. However, despite the expiration of the temporary guardianship, the order at issue also granted the Beckhams’ motion for leave to intervene in the probate proceeding and made the Beckhams parties in the ongoing guardianship matter. Permissive Intervention Turning to the merits, Whaley asserts that the Beckhams should not be allowed to intervene because they are strangers to the record, have failed to provide a basis or interest in intervening, and have failed to comply with Rule 24 requirements. Whaley also asserts that he introduced evidence demonstrating the Beckhams’ lack of’interest and authority of the guardianship over Sheperd and alleges that the Beckhams’ care for Sheperd is not- in her “best interest.” . With regard to intervention, “we recognized in Reynolds v. Guardianship of Sears, [327 Ark. 770, 771, 940 S.W.2d 483, 484 (1997)], that the proper procedural method for a nonparty to enter a probate proceeding would be by filing a motion to intervene pursuant to Ark. R. Civ. P. 24.” Helena Reg'l Med. Ctr. v. Wilson, 362 Ark. 117,128, 207 S.W,3d 541, 547 (2005). Rule 24(b) of the Arkansas Rules of Civil Procedure (2015), “permissive intervention,” provides, (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action have a question of law or fact in common.... |fi(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. When the constitutionality of a statute of this state affecting the public interest is drawn into question in any action, the court may require that the Attorney General of this state be notified of such question. Stated differently, permissive intervention requires common questions of law or fact. Id.; See Billabong Prods., Inc. v. Orange City Bank, supra. We hold that Rule 24(b), as applicable here, provides for permissive intervention when the Beck-hams’ claim or defense and the main action, the probate proceedings, have a question of law or fact in common. In the Beckhams’ January 27, 2015 motion to intervene, they stated the following: In the companion action of Autry v. Beckham, on August 6, 2013, Autry was appointéd temporary guardian of Shep-erd and the estate. On September 23, 2013, the Intervenors moved to intervene in that action. The Intervenors are close acquaintances of Sheperd and have known her for fifteen years, and Pam Beckham has cared for Sheperd for the past five years, including transportation to her doctor’s appointments. On October 23, 2013, the circuit court granted the Beckhams’ motion to intervene. On January 27, 2014, the circuit court terminated Autry’s temporary guardianship and the Beckhams were appointed permanent guardians of Sheperd. Autry challenged the circuit court terminating her temporary guardianship and the circuit court denied Autry’s requests for reconsideration. Autry appealed to the Arkansas Court of Appeals which reversed the award of guardianship because the award had been made without the statutorily required medical evaluation and denied the Beckhams’ petition for rehearing. After the court of appeals opinion was issued, but before the mandate was issued, Whaley filed an ex parte motion for appointment of guardian without serving it on the Beckhams. The Intervenors now seek the same rightful position as guardians of the estate and 17Sheperd. Intervenors are fit' and proper persons to care for Sheperd. In response, Whaley advances several arguments and allegations regarding the care for Sheperd, Sheperd’s “best- interest,” and “intervention of right” pursuant to Rule 24(a). However,’ these arguments are not relevant- to the issue before us because this appeal stems from permissive intervention. Likewise, Whaley relies on our opinion in Arkansas Democrat-Gazette, Inc. v. Brantley, 359 Ark. 75, 78,194. S.W.3d 748, 750 (2004), which, is not on point because in-that case, we .addressed intervention as. of right, not permissive intervention. Further, although ’ Whaley cites- Reynolds, 327 Ark. at 776, 940 S.W.2d at 486 (1997), as support for his argument that the circuit court erred in allowing the Beckhams to intervene, Reynolds addressed standing, not intervention. Here, in reviewing the narrow issue appealed, permissive intervention, the underlying litigation is Sheperd’s probate matter involving her incapacity, which the Beckhams have been involved with for several years. The record demonstrates that the Beckhams have cared for Sheperd for five years, including transportation and meals, and were appointed permanent guardians until the court of appeals mandate was issued and reversed that appointment. Immediately upon the court of appeals mandate being issued, the Beckhams filed their motion to intervene. The record 'demonstrates' the following facts regarding the Beckhams’ relationship with Sheperd: the Beckhams have called Shep-erd mom for fifteen, or sixteen years; at one time, they maintained a health proxy for Sheperd; they reside adjacent to Shep-erd on land owned by Sheperd; they monitor her 11-12 daily medications; they cared | sfor Sheperd' after her brain-'surgery; they cared for Sheperd after her heart surgery; Pam' Beckham ‘spent 40-50 hours a week at Sheperd’s home while serving as guardian — managing Sheperd’s meals, medications, bathing, transportation, and wheelchair transportation and navigation. Based on the discussion above, the record demonstrates that the underlying litigation and the motion to intervene clearly have a common question of fact, •. Finally, Whaley contends that the Beck-hams lacked standing to intervene in this guardianship, because they were neither heirs nor creditors and are strangers to the record. Again, despite Whaley’s labels, based on the record before us and the applicable law, we are unpersuaded that the circuit court erred in denying Whaley’s motion to dismiss the Beckhams’ motion for leave to intervene in the probate proceedings. Accordingly, we affirm the circuit court. - Affirmed; Court of Appeals' opinion vacated. Hart, J., dissents. . Whaley does not challenge the appointment of First Community Bank as guardian of the estate.