

Cite as 2016 Ark. App. 583

# ARKANSAS COURT OF APPEALS

EN BANC
No. CV–16–865

VICKI ANDERSON HOLLIMON
APPELLANT

V.

MARK HOLLIMON, AS GUARDIAN
OF THE PERSON AND ESTATE OF
THE INCAPACITATED PERSON,
NORMAN MILTON HOLLIMON
APPELLEE

Opinion Delivered November 30, 2016

APPEAL FROM THE SEBASTIAN
COUNTY CIRCUIT COURT, FORT
SMITH DISTRICT [NO. 66PR–16–400]

HONORABLE JIM D. SPEARS,
JUDGE

MOTION TO DISMISS APPEAL AS
MOOT GRANTED

## PER CURIAM

On July 21, 2016, the Sebastian County Circuit Court entered an order appointing appellee Mark Holliman as temporary guardian of the person and estate of Norman Hollimon. Appellant Vicki Anderson Hollimon, the spouse of Norman, filed a notice of appeal from the order establishing the temporary guardianship and appointing Mark, her stepson, as guardian. Appellee has filed a motion to dismiss the appeal as moot. Because the temporary guardianship has expired, we grant the motion.

Arkansas Code Annotated section 28–65–218(a)(1) (Repl. 2012) states that a temporary guardianship shall not exceed ninety days including extensions. Thus, based on the statute, the temporary guardianship expired on October 19, 2016, and is no longer binding. As such, a ruling by this court will have no practical effect on the temporary guardianship.

SLIP OPINION

In *Cotten v. Fooks*, 346 Ark. 130, 133–34, 55 S.W.3d 290, 292 (2001), our supreme court explained,

> As a general rule, the appellate courts of this state will not review issues that are moot. *See Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001); *Dillon v. Twin City Bank*, 325 Ark. 309, 924 S.W.2d 802 (1996). To do so would be to render advisory opinions, which this court will not do. *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994). We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See Forrest Constr., Inc. v. Milam, supra*; *Quinn v. Webb Wheel Products*, 334 Ark. 573, 976 S.W.2d 386 (1998); *Dillon v. Twin City Bank, supra*.

Our courts have recognized two exceptions to the mootness doctrine: (1) issues that are capable of repetition, yet evade review; and (2) issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *See Trujillo v. State*, 2016 Ark. 49, 483 S.W.3d 801. However, appellant has failed to argue or adequately explain how either of these exceptions apply in this case. In any event, we find that, however probable it might be that the circuit court will make the same ruling, it does not change the undeniable fact that our ruling will have no practical effect on the temporary guardianship. Additionally, we cannot discern any issue of substantial public interest which, if addressed, would prevent future litigation. Therefore, the appeal is moot.

We further recognize that our supreme court in *Whaley v. Beckham*, 2016 Ark. 196, at 9, 492 S.W.3d 65, 70, held that an appeal of a temporary guardianship was not rendered moot by the expiration of the temporary guardianship where the order also granted neighbors' motion for leave to intervene in the proceeding and made the neighbors parties to the guardianship matter. This is not the situation before us, and the rationale in that case is, therefore, inapposite.

Motion to dismiss appeal as moot granted.