
# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–16–421

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED:** FEBRUARY 1, 2017<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NOS. 35JV-15-424; 35JV-16-9]<br><br>HONORABLE EARNEST E. BROWN, JR., JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

**ROBERT J. GLADWIN, Judge**

The Arkansas Department of Human Services (ADHS) appeals the March 3, 2016 order denying its motion for reconsideration and the March 7, 2016 orders of commitment filed by the Jefferson County Circuit Court in three juvenile-delinquency cases, J.O., P.L., and J.W. ADHS does not appeal the actual determination of delinquency in these matters but appeals the limitations and requirements placed on ADHS by the orders issued by the trial court. Specifically, ADHS argues that this court should (1) reverse the denial of the motions to intervene filed by ADHS, Division of Youth Services (DYS); (2) find that the limitations placed on ADHS as it relates to its ability to place juveniles in a juvenile detention center infringes on its statutory authority; and (3) find that the trial court incorrectly interpreted Arkansas Code Annotated section 9-28-209(a)(1) (Repl. 2015) to mean that ADHS must deliver juveniles to the observation-and-assessment center immediately upon

SLIP OPINION

commitment. We affirm the denial of ADHS's motions to intervene in the cases of J.O. and

P.L., and we dismiss the remainder of ADHS's appeal.

*Facts*

On February 9, 2016, J.O. was adjudicated a delinquent juvenile and committed to

DYS. On February 11, 2016, P.L. was adjudicated delinquent and also committed to DYS.

The trial court recommended that these juveniles be placed in a youth-services center. Both

orders of commitment contained language that limited ADHS's ability to move the juveniles

within its system of juvenile-service facilities, specifically stating that "DYS shall not permit

the juvenile to remain at the Juvenile Detention Center for more than (30) days after the

date of the original commitment order without specific written approval from this court."

ADHS was not a party to either of these delinquency proceedings, but on February

17, 2016, ADHS filed motions to intervene and vacate the orders in both J.O.'s and P.L.'s

cases. A hearing was held on these motions on February 18, 2016. At that hearing, the trial

court denied ADHS's motion to intervene, finding that after a juvenile has been committed

to DYS, ADHS assumes the role of the prosecution. No statutory basis for this finding was

given during the hearing, but in the orders in both cases filed on February 19, 2016, the

trial court found as follows:

> 1. That the Motion to Intervene is DENIED as:
>     a. Rule 24(a)(2) of the Arkansas Rules of Civil Procedure is not applicable in the current case, and b. That DYS assumes the jurisdiction formerly held by the prosecuting authority upon commitment to DYS and, therefore, intervention is not necessary in this matter.
> 2. That the Motion to Vacate paragraph #13 of the February [9th and 11th Orders] which state "*DYS shall not permit the juvenile to remain at the Juvenile Detention Center* [sic] *for more than (30) days after the date of the original commitment order without specific written approval from this court*" is DENIED as:

a. That this stipulation is in the best interest of the juvenile, pursuant to A.C.A. § 9-27-102 and A.C.A. 27-302, as it hastens the services they are to receive during their DYS commitment,

b. That the stipulation is a reasonable request and a reasonable time frame,

c. That the stipulation of a time frame for removal from a Juvenile Detention Center is a common practice of courts throughout the State, and

d. That the Court DENIES the oral request by DYS to stipulate that "Juvenile Detention Center" refers only to the Jefferson County Juvenile Detention Center as it is the Court's intent that the juvenile obtain services as quickly as possible upon commitment.

e. That the Division of Youth Services cited A.C.A. § 9-28-207(a) and states that the provision requiring removal of the juvenile within 30 days from a juvenile detention center infringed upon DYS statutory authority. The court finds this statute inapplicable in that, pursuant to A.C.A. § 9-27-303(63), a juvenile detention center is not a youth services facility operated by the state or its designee. The Court encourages the Division of Youth Services to develop a fair procedure for the transfer of juveniles committed to the Division by using the date of commitment.

(Emphasis added.)

Despite denying ADHS's motions to intervene, the trial court then heard ADHS's argument on its motions to vacate under the incorrect presumption that ADHS took the place of the prosecution at the time the juveniles were committed to DYS. ADHS argued that the above-referenced provision found in the two commitment orders violated ADHS's statutory authority pursuant to Arkansas Code Annotated section 9–28–207, but the trial court rejected that argument and denied the motions to vacate.

Appellant filed motions for reconsideration in both cases. A hearing was held on those two motions on March 3, 2016. No testimony was taken during this hearing, but ADHS argued that (1) ADHS did not assume the role of the prosecution upon a juvenile's commitment to ADHS; and (2) the thirty-day provision in the orders violates ADHS's statutory authority pursuant to section 9–28–209(d), which states that ADHS has "the

authority to move a youth at any time within its system of youth services centers or facilities and community-based programs or within the department's programs or facilities."

The trial court rejected ADHS's arguments and further found that section 9-28-209(a) requires a youth to be *immediately* delivered to the observation-and-assessment center. ADHS objected to this interpretation because the term "immediately" is not found in the statute. ADHS also argued that the trial court's interpretation of section 9-28-209(a) violated due process because ADHS would not have notice of the commitments and that the trial court's interpretation conflicted with section 9-28-209(d), which allows for ADHS to move a juvenile "at any time" to one of ADHS's "programs or facilities." ADHS argued that, according to the statute, when a juvenile is committed he or she must be delivered to the assessment center for assessment and that the legislature recognized the constraints of ADHS and therefore gave ADHS the authority to move those juveniles to the assessment center when it is appropriate to move them, not at the command of the trial court. The trial court rejected all of these arguments and ordered that ADHS was to *immediately* deliver juveniles to the observation-and-assessment center, without notice, and without regard to space availability and be subject to contempt for a failure to comply pursuant to the order filed on March 3, 2016.

In addition, the trial court found J.W. to be delinquent on February 22, 2016, and the March 7, 2016 order of commitment required ADHS to immediately deliver J.W. to the observation-and-assessment center. ADHS filed a notice of appeal from the March 7,

2016 order of commitment in J.W.'s case on March 8, 2016.[1] Also on March 8, 2016, ADHS filed notices of appeal from the February 19, 2016 orders denying ADHS's motion to intervene and to vacate and the March 3, 2016 orders denying ADHS's motions for reconsideration in both J.O.'s and P.L.'s cases.

On June 14, 2016, ADHS filed a motion to consolidate the appeals and for permission to file a single brief with this court. That motion was granted on July 20, 2016, and the trial court consolidated the three appeal records into CR–16–421.

## I. *Denial of ADHS's Motions to Intervene in J.O.'s and P.L.'s Cases*

When the denial of a motion to intervene as a matter of right is based on a failure by an appellant to meet the requirements of the rule, our review is de novo. *McCord v. Foster*, 2016 Ark. App. 500, ___ S.W.3d ___. De novo review means that the entire case is open for review. *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, 461 S.W.3d 317.

Rule 24 (2016) of the Arkansas Rules of Civil Procedure allows for two types of intervention, (1) permissive and (2) as of right. An intervenor is entitled to intervention as a right when the applicant: "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Ark. R. Civ. P. 24(a). Pursuant to

---

[1]ADHS did not move to intervene in J.W.'s case, nor did it make any of the arguments that it now raises on appeal. Arguments not raised below will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented below. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007).

SLIP OPINION

Rule 24(a)(2), three requirements must be met for intervention as of right: (1) the party must claim a recognized interest in the property or transaction that is the subject of the litigation; (2) the party's interest must be such that it might be impaired by disposition of the action; and (3) the party's interest is not adequately represented by existing parties.

ADHS first argues that this court should reverse the trial court's ruling that it does not have a right to intervene in juvenile-delinquency matters. In its order denying ADHS's motion to intervene and to vacate, the trial court ruled that intervention was not necessary because ADHS assumes the role of the prosecution once a juvenile has been committed to ADHS. ADHS claims that this ruling is not supported by statutory or caselaw and therefore represents an abuse of discretion by the trial court.

In this case, ADHS was not a party to the original delinquency matters related to J.O. and P.L., but as the result of those delinquency matters, orders of commitment were entered whereby the juveniles were committed to ADHS. Accordingly, ADHS maintains that the hearing involved a "transaction which is the subject of the action," and that ADHS is "situated [so] that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." Because of these factors, ADHS argues that it is entitled to intervention as a matter of right whenever a juvenile is committed to ADHS in juvenile-delinquency matters.

Although not directly on point, our supreme court has decided two cases that are instructive. In *Arkansas Department of Human Services v. Bailey*, 318 Ark. 374, 885 S.W.2d 677 (1994), the court dismissed the appeal because ADHS was not a party to the Families In Need of Services (FINS) litigation. ADHS had filed a motion to set aside the FINS

order—arguing that the court could not force it to pay for certain treatment ordered—which the trial court denied. Rather than appealing from the denial of its motion, ADHS appealed from the FINS orders. Our supreme court held that the proper procedure for ADHS to have challenged the trial court's decision would have been to appeal the trial court's denial of its motion to set aside the judgment rather than appealing the FINS order requiring it to pay for certain treatment.

And in *Arkansas Department of Human Services v. R.P.*, 333 Ark. 516, 970 S.W.2d 225 (1998), our supreme court held that ADHS had standing to appeal in a case in which it appealed from the trial court's denial of its motion to set aside a FINS order rather than appealing directly from the FINS order in which it was not a party. The court held that ADHS had attempted to obtain relief in the trial court and thus had standing to appeal from the trial court's denial of its motion to set aside.

Here, because ADHS sought relief by filing motions to vacate in J.O.'s and P.L.'s cases that were denied by the trial court—essentially following the procedures outlined in *R.P.*, *supra,* and *Bailey*, *supra*—we hold that it may appeal from the orders denying those motions and does not need to intervene in the underlying, already completed matters. *See R.P.*, *supra*, *Bailey*, *supra*. We note that ADHS does not have "a recognized interest" in the actual, underlying delinquency matters related to J.O. and P.L., whose interests were the type designed to be protected by Rule 24. ADHS has no "interest" in whether a particular juvenile is adjudicated delinquent in a particular case; it is merely the executive agency designed to house and treat juveniles once their dispositions are determined by the judicial branch.

Before leaving the intervention issue, we must address the trial court's incorrect finding that ADHS's request for intervention was unnecessary because, according to the trial court, ADHS assumed the role of the prosecution whenever a juvenile is committed to it. We agree with ADHS that this finding constitutes clear error because there is no statutory language or caselaw to support such a contention. Nothing in either the applicable statutes or caselaw confers upon ADHS the ability or responsibility to assume the role of the prosecution whenever a juvenile is committed to ADHS. The prosecuting attorney involved in such delinquency matters is an elected official conferred with the authority to prosecute these matters through to their ultimate disposition, while DYS, as a component of ADHS, is part of the executive branch charged with the responsibility of housing and treating juveniles subsequent to the determinations of their dispositions. The two do not constitute a single entity and do not become one based on a juvenile being committed to ADHS. We in no way endorse or support the trial court's finding on this issue as a basis for its denial of ADHS's motions to intervene; however, based on our previous analysis, we hold that the trial court did correctly deny the motions. Accordingly, we affirm the trial court when, as here, it has reached the right result, even though it may have been based on the wrong reason. *See Waters v. Millsap*, 2015 Ark. 272, 465 S.W.3d 851.

II. *Denials of ADHS's Motions to Vacate and Infringement of Statutory Authority*

ADHS next challenges two parts of the trial court's orders, claiming that the trial court has infringed on ADHS's statutory authority. First, ADHS challenges the trial court's language in the commitment orders that it "shall not permit the juvenile to remain at the juvenile detention center for more than thirty (30) days after the date of the original

commitment order without specific written approval from this court." Second, ADHS challenges the trial court's interpretation of Arkansas Code Annotated section 9-27-209(a)(1) to mean that upon commitment, a juvenile must be "immediately" delivered to ADHS's observation-and-assessment center. We dismiss these arguments because ADHS has provided insufficient evidence to this court for us to make an informed determination. The record before us is void of any evidence to indicate what subsequent action was taken with respect to any of the juveniles involved in this case, specifically when, where, and under what circumstances they were transferred pursuant to the commitment orders at issue in this case.

Absolutely no testimony was taken in the hearings on ADHS's motions to intervene and vacate the orders in both J.O.'s and P.L.'s cases or on its motion for reconsideration. The entirety of the abstract consists of discussion and argument between the trial court and the various attorneys involved. The record provides no testimonial evidence as to the discussion and argument and any resulting action applied to the juveniles in this matter or if and how ADHS's statutory authority was actually infringed on or altered in this matter.

Additionally, in the trial court's February 19, 2016 orders related to J.O.'s and P.L.'s cases, the trial court refers to multiple stipulations in paragraph two. The record before us indicates, however, that no stipulations were entered. A stipulation is defined as "an agreement between attorneys respecting the conduct of legal proceedings." *Dinwiddie v. Syler*, 230 Ark. 405, 410, 323 S.W.2d 548, 551 (1959). Instead, what the trial court actually did in the orders was issue findings of fact and conclusions with respect to its denial of ADHS's motion to vacate paragraph number thirteen of the orders of commitment, which

reads, "DYS shall not permit the juvenile to remain at the Juvenile Detention Center for more than thirty (30) days after the date of the original commitment order without specific written approval from this court." Rule 52(a)(1) (2016) of the Arkansas Rules of Civil Procedure provides in relevant part that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of the witnesses." No witnesses were called, and no evidence was taken at these hearings. Our supreme court has reiterated recently that arguments of counsel do not constitute evidence. *See SEECO, Inc. v. Stewmon*, 2016 Ark. 435, ___ S.W.3d ___; *Smith v. Hopper*, 2015 Ark. 210, 462 S.W.3d 335. Accordingly, we cannot address ADHS's argument with respect to these findings because the parties failed to introduce evidence on which those findings could be made and on which we could perform the necessary review with respect to these three juveniles.

The State notes that, arguably, ADHS is seeking an advisory opinion regarding the authority of judicial orders because the evidence of the current custodial circumstances of J.O., P.L., and J.W. is unclear. Despite our inability to review these issues with respect to the three juveniles involved in this appeal, we acknowledge ADHS's concern that the language in question included in the trial court's commitment orders can create continuing problems in future cases, which ADHS argues keeps the issues from being moot. In *Hollimon v. Hollimon*, 2016 Ark. App. 583, we reiterated that, as a general rule, appellate courts of Arkansas will not review issues that are moot. To do so would be to render advisory opinions, which the court will not do. *Id.* Arkansas appellate courts have generally held that

a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id.*; *see also Cotton v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). Our courts have recognized two exceptions to the mootness doctrine: (1) issues that are capable of repetition, yet evade review; and (2) issues that raise considerations of substantial public interest, which, if addressed, would prevent future litigation. *Hollimon*, *supra*; *see also Dickinson v. State*, 372 Ark. 62, 270 S.W.3d 863 (2008).

We acknowledge the merit in ADHS's suggestion that the trial court's findings with respect to the juveniles' transfers qualifies for the "issues capable of repetition, yet evade review" exception to the mootness doctrine. Without some clarity as to proper procedure and uniformity in how these delinquency matters are handled, ADHS and the various trial courts are likely to be at odds with the manner in which these transfers are conducted.

ADHS cites *Delancy v. State*, 356 Ark. 259, 151 S.W.3d 301 (2004), where, as here, the matter before the appellate court consisted of orders with deadlines with which parties had to comply before the matter could be heard on appeal. The issues of (1) ADHS's statutory authority as it relates to moving juveniles throughout its system of placements, and (2) whether a juvenile must be immediately delivered to be assessed will be, in all likelihood, repeated and evade review from this court as evidenced by the actions taken in J.W.'s case within this very appeal. After the hearing on the motions for reconsideration concerning J.O. and P.L., the trial court issued an order of commitment on J.W. that contained the same language that ADHS objected to during the hearings concerning J.O. and P.L.

We are unable to issue an opinion as to these remaining issues, however, despite the "capable of repetition, yet evade review" exception to the mootness doctrine, because the

arguments advanced by the parties in this appeal are policy issues that fall under the duties of the legislature rather than the judiciary. As our supreme court reiterated in *Arkansas State Board of Election Commissioners v. Pulaski County Election Commission*, 2014 Ark. 236, at 14, 437 S.W.3d 80, 88–89:

> We have previously observed that our government is composed of three separate, independent branches: legislative, executive, and judicial. Each branch has certain specified powers delegated to it. The legislative branch of our state government has the power and the responsibility to proclaim the law through statutory enactments. The judicial branch has the power and the responsibility to interpret the legislative enactments. The executive branch has the power and the responsibility to enforce the laws as enacted and interpreted by the other two branches.

(Internal citations omitted.) Because ADHS failed to present specific evidence with respect to how the trial court infringed on its statutory rights as applied to the postdisposition transport, assessment, and placement procedures of J.O., P.L., or J.W., we decline to address the merits of ADHS's arguments as to how the trial court's findings might generally apply to similar juvenile-delinquency proceedings in the future.

Affirmed in part; dismissed in part.

GRUBER, C.J., and BROWN, J., agree.

*Nader G. Afsordeh*, Office of Chief Counsel, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.