

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–16–792

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED:** MARCH 8, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60JV-16-646]<br><br>HONORABLE PATRICIA A. JAMES, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellant, the Division of Youth Services of the Arkansas Department of Human Services (hereinafter ADHS), appeals the June 28, 2016 order of commitment for A.L. and the June 30, 2016 order denying its motion to intervene and partially granting its motion to set aside the June 28, 2016 order filed by the Pulaski County Circuit Court. ADHS does not appeal the actual determination of delinquency with respect to A.L. in this matter, but rather, the limitations and requirements placed on ADHS by the order issued by the Eleventh Division of the Sixth Judicial District. ADHS argues that this court should (1) reverse the denial of the motion to intervene filed by ADHS and (2) find that the limitations placed on ADHS as it relates to its placement of A.L. upon commitment by the trial court infringes on its statutory authority. We affirm.

I. *Facts*

On June 28, 2016, A.L. was adjudicated a delinquent juvenile based on a rape charge, and he was committed to ADHS. The trial court recommended he receive sex-offender-specific treatment, mental-health treatment, the serious-offender program, and other educational services. The order specifically stated, "DYS [the Division of Youth Services] shall develop a treatment plan for [A.L.]." The order also contained language that limited ADHS's ability to move the youth within its system of juvenile-service facilities. Specifically, the order stated in paragraph 8 that "[ADHS] shall not, under any circumstances, place [A.L.] in any detention facility without the benefit of services for [A.L.]." The June 28, 2016 order did not specify what type of services were needed, whether they be for rehabilitation, education, medical, drug treatment, or something else. Paragraph 14 of the June 28, 2016 order also directed the Sheriff of Pulaski County, Arkansas, to forthwith take A.L. into custody and deliver him to the intake unit of the Youth Services Center of ADHS.

ADHS was not a party to the delinquency proceedings, and on June 29, 2016, it filed a motion to intervene and set aside the June 28, 2016 order of commitment. Specifically, ADHS requested the trial court set aside paragraphs 8 and 14. No response was filed by the State, and no hearing was held on the motion. On June 30, 2016, the trial court denied ADHS's motion to intervene, stating, "This . . . is a delinquency case, and thus, subject to the Arkansas Rules of Criminal Procedure." The trial court agreed to vacate the language in paragraph 14 directing the Pulaski County Sheriff to immediately deliver A.L. to the intake center because paragraph 14 violated Arkansas Code Annotated section 9-28-207(a) (Repl. 2015), which provides that "[w]hen any youth is committed to [ADHS] as authorized

in this section, the youth shall be under the exclusive care, physical custody, and control of [ADHS] from the time of the lawful reception of the youth by a youth services center until the youth is released from the physical custody of the division." But as to ADHS's objection to paragraph 8 of the June 28, 2016 order of commitment, which provided that "[ADHS] shall not, under any circumstances, place [A.L.] in any detention facility without the benefit of services for [A.L.]," the trial court pointed out:

> [t]he Court is not ordering a specific placement for the juvenile while in the custody, care, and control of DYS. The Court's order merely recites that the juvenile must receive services while in DYS custody. Providing "appropriate services and programs" is the purpose cited by the state legislature in its creation of the Division of Youth Services. Ark. Code Ann. § 9-28-201 (Repl. 2015). Further references to DYS providing appropriate services, programs, and facilities to serve the juveniles in this state, and specifically to rehabilitate the juveniles in DYS custody, are referenced throughout statutes that outline the powers, duties, and responsibilities of DYS. *See* Ark. Code Ann. § 9-28-203 et seq. Therefore, this Court's commitment order is in harmony with the Division's statutory mandated purpose and obligations.

ADHS then filed its timely notice of appeal on July 26, 2016, in order to challenge the trial court's determination that ADHS did not have a right of intervention in juvenile-delinquency matters and to challenge the limitations placed on ADHS in paragraph 8 of the June 28, 2016 order of commitment.

## II. *Standard of Review and Applicable Law*

This matter involves a denial of a motion to intervene and statutory interpretation. Pursuant to Arkansas Rule of Civil Procedure 24(a)(2) (2016), three requirements must be met for intervention as of right: (1) the party must claim a recognized interest in the property or transaction that is the subject of the litigation; (2) the party's interest must be such that it might be impaired by disposition of the action; and (3) the party's interest is not adequately represented by existing parties. This court applies an abuse-of-discretion standard

SLIP OPINION

of review when considering the denial of a motion to intervene as a matter of right. *See Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643; *Christian v. McVesting, LLC*, 2014 Ark. App. 509, 443 S.W.3d 578. An abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007).

When the interest is identical with that of a party to the litigation, the interest is adequately represented, but where the applicant's interest is significantly different from that of any party to the action, it is not. *UHS of Ark., Inc. v. City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988). If one seeking intervention will be left with a right to pursue an independent remedy against the parties, then he or she has no interest that needs protecting as of right. *Billabong Prod., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983).

This court reviews issues of statutory interpretation de novo because it is for this court to determine the meaning of a statute. *Berryhill v. Synatzke*, 2014 Ark. 169, 432 S.W.3d 637. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* Where the language of a statute is plain and unambiguous, the court determines the legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, the court construes it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The court construes the statute so that no word is left void, superfluous or insignificant, and the court gives meaning and effect to every word in the statute, if possible. *City of Little Rock v. Rhee*, 375 Ark. 491, 292 S.W.3d 292 (2009).

III. *Denial of Motion to Intervene*

We recently addressed the identical issue regarding intervention in *Arkansas Department of Human Services v. State*, 2017 Ark. App. 55, at 5–7, __ S.W.3d __, __.

When the denial of a motion to intervene as a matter of right is based on a failure by an appellant to meet the requirements of the rule, our review is de novo. De novo review means that the entire case is open for review.

Rule 24 (2016) of the Arkansas Rules of Civil Procedure allows for two types of intervention, (1) permissive and (2) as of right. An intervenor is entitled to intervention as a right when the applicant: "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Ark. R. Civ. P. 24(a). Pursuant to Rule 24(a)(2), three requirements must be met for intervention as of right: (1) the party must claim a recognized interest in the property or transaction that is the subject of the litigation; (2) the party's interest must be such that it might be impaired by disposition of the action; and (3) the party's interest is not adequately represented by existing parties.

. . . .

Although not directly on point, our supreme court has decided two cases that are instructive. In *Arkansas Department of Human Services v. Bailey*, 318 Ark. 374, 885 S.W.2d 677 (1994), the court dismissed the appeal because ADHS was not a party to the Families In Need of Services (FINS) litigation. ADHS had filed a motion to set aside the FINS order—arguing that the court could not force it to pay for certain treatment ordered—which the trial court denied. Rather than appealing from the denial of its motion, ADHS appealed from the FINS orders. Our supreme court held that the proper procedure for ADHS to have challenged the trial court's decision would have been to appeal the trial court's denial of its motion to set aside the judgment rather than appealing the FINS order requiring it to pay for certain treatment.

And in *Arkansas Department of Human Services v. R.P.*, 333 Ark. 516, 970 S.W.2d 225 (1998), our supreme court held that ADHS had standing to appeal in a case in which it appealed from the trial court's denial of its motion to set aside a FINS order rather than appealing directly from the FINS order in which it was not a party. The court held that ADHS had attempted to obtain relief in the trial court and thus had standing to appeal from the trial court's denial of its motion to set aside.

Here, because ADHS sought relief by filing motions to vacate in J.O.'s and P.L.'s cases that were denied by the trial court—essentially following the procedures

outlined in *R.P.*, *supra,* and *Bailey*, *supra*—we hold that it may appeal from the orders denying those motions and does not need to intervene in the underlying, already completed matters. *See R.P.*, *supra*, *Bailey*, *supra*. We note that ADHS does not have "a recognized interest" in the actual, underlying delinquency matters related to J.O. and P.L., whose interests were the type designed to be protected by Rule 24. ADHS has no "interest" in whether a particular juvenile is adjudicated delinquent in a particular case; it is merely the executive agency designed to house and treat juveniles once their dispositions are determined by the judicial branch.

Based on the same analysis, we affirm the trial court and hold that ADHS may appeal from the order denying its motion without needing to intervene in the underlying matter.

IV. *Infringement of ADHS's Statutory Authority Regarding Placement*

ADHS also submits that Arkansas law is clear that a trial court may not dictate placement of a juvenile committed to ADHS. Arkansas Code Annotated section 9-27-330(a)(1)(B)(iii) provides,

> *(a)* In an order of commitment, the court may recommend that a juvenile be placed in a treatment program or community-based program instead of a youth services center and shall make specific findings in support of such a placement in the order.

> *(b)* The court shall also specify in its recommendation whether it is requesting a division aftercare plan upon the juvenile's release from the division.

The statutory language also indicates that, upon a juvenile's commitment, ADHS has "exclusive care, physical custody, and control of the juvenile." *See* Ark. Code Ann. § 9-28-207. ADHS urges that the June 28, 2016 order of commitment violated these statutory provisions when it stated that "[ADHS] shall not, under any circumstances, place [A.L.] in any detention facility without the benefit of services for [A.L.]."

ADHS argues that when the Arkansas Juvenile Code is read in its entirety, it gives ADHS wide and exclusive discretion to move youth within its system of youth-service/juvenile-detention facilities and treatment programs. Pursuant to section 9-27-

SLIP OPINION

330(a)(1)(B)(iii)*(a)*, an order of commitment issued by a circuit court may only "recommend" a particular placement. The Juvenile Code is also clear and unambiguous in section 9-28-207(a), which provides:

> When any youth is committed to the Division of Youth Services of the Department of Human Services, as authorized by this section, the youth shall be under the *exclusive care, physical custody, and control of the division* from the time of the lawful reception of the youth by a youth services center until the youth is released from the physical custody of the division.

(Emphasis added.)

ADHS argues that when sections 9-27-330 and 9-28-207 are taken into consideration together, it is apparent that ADHS has the ability to determine placement for the juvenile. ADHS alleges that that the limitation placed on it by the June 28, 2016 order violates both of these provisions because it was not merely a recommendation as set forth in section 9-27-330, and because it infringes on ADHS's statutory authority to have exclusive care, physical custody, and control of the juvenile, as set forth in section 9-28-207.

We disagree. ADHS acknowledges that it is charged with providing services to juveniles who are found to be delinquent in the hope of rehabilitating those juveniles. Ark. Code Ann. § 9-28-203. And we recognize ADHS's concerns regarding the limitation of currently having only five treatment facilities throughout the state and the accompanying constraints on space and available beds. The court, however, disagrees with ADHS's argument that the language objected to in the June 28, 2016 order of commitment would effectively prevent ADHS from using its judgment as to when and where the juvenile is placed, in effect allowing A.L. to "jump the line" to be placed in one of the five treatment facilities operated by ADHS ahead of other juveniles awaiting treatment.

The Juvenile Code "shall be liberally construed to the end that its purposes may be carried out." *See* Ark. Code Ann. § 9-27-302. Particularly, the purpose is,

> (3) To protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions that are consistent with the seriousness of the offense is appropriate in all cases; and

> (4) To provide means though which the provisions of this subchapter are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.

Ark. Code Ann. § 9-27-302(3)–(4).

It is undisputed that once a juvenile is found to be delinquent, the trial court may enter an order committing the juvenile to the Division of Youth Services of ADHS pursuant to section 9-27-330. ADHS focuses on the language in section 9-27-330(a)(1)(B)(iii)*(a)* as a basis to imply that ADHS is not required to follow a court order with respect to placement. We hold that the trial court's order does not dictate placement but states only that if A.L. is going to be in ADHS's custody, he must receive treatment; it does not dictate what kind of treatment must occur and does not violate section 9-28-207.[1]

To the extent that ADHS argues that the trial court overstepped its authority by ruling that if the juvenile is going to be in ADHS's custody, then he has to receive services, we note ADHS's own legislative mandate regarding the possibility of holding a juvenile without providing treatment.

> The General Assembly recognizes that the state has a responsibility to *provide its youth with appropriate services and programs to help decrease the number of juvenile offenders in the state and to create a better future for the state's youth* and that reforms in the juvenile justice system require oversight by an organization with special expertise in the

---

[1]The trial court withdrew the portion of paragraph 14, requiring ADHS to immediately take custody of the juvenile.

problems of juvenile offenders. Therefore, the General Assembly declares that this subchapter is necessary to create a single entity within the Department of Human Services with *primary responsibility for coordinating, sponsoring, and providing services to Arkansas's youth* and to create a structure within state government that will be responsive to the needs of the state's youth.

Ark. Code Ann. § 9-28-201 (emphasis added). The trial court's order does not instruct ADHS as to any particular placement or treatment guidelines it must follow; the order does not require ADHS to do anything other than what is already required by statute—provide services to Arkansas's youth. Accordingly, we affirm.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Nader G. Afsordeh*, Arkansas Department of Human Services, Office of Chief Counsel, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.